UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                                                          Criminal No. 1:22cr58LG-RHWR

PATRICK DARNELL DANIELS, JR.

**RESPONSE OF UNITED STATES TO MOTION TO DISMISS**

Defendant Patrick Darnell Daniels, Jr., has moved to dismiss the indictment, claiming that 18 U.S.C.. § 922(g)(3) is facially unconstitutional in violating the Second Amendment right to bear arms. ECF # 24 (motion). *See also* ECF # 25 (supporting memorandum). Daniels seeks to capitalize on the Supreme Court's decision last month addressing New York's discretionary gun licensing law. *See New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, No. 20-843, 2022 WL 2251305, at *6 (U.S. June 23, 2022). As discussed below, (1) consistent with Supreme Court case law, the Fifth Circuit has long recognized the constitutionality of prohibiting possession of firearms based on the risk that persons pose to others and (2) nothing in *Bruen* alters the constitutionality of prohibiting firearms possession on this basis.

**DISCUSSION**

**I.   Consistent with Supreme Court Case Law, the Fifth Circuit Has Long Recognized the Constitutionality of Prohibiting Firearms Possession Based on Risk**

In rejecting a challenge to another provision of 18 U.S.C. § 922(g) earlier this year, the Fifth Circuit referred to its having "rejected a virtually identical challenge two decades ago in Judge Garwood's landmark decision in *United States v. Emerson*, 270 F.3d 203 (5th Cir. 2001)." *United States v. McGinnis*, 956 F.3d 747, 751 (5th Cir. 2020), *cert. denied*, 141 S.Ct. 1397

(2021). Following *Emerson*, the Supreme Court concluded that the Second Amendment addressed an "individual right to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008). The Supreme Court "cautioned that the individual Second Amendment right is subject to important limitations including, for instance, 'longstanding prohibitions on the possession of firearms by felons and the mentally ill.'" *McGinnis*, 956 F.3d at 753 (quoting *Heller*, 554 U.S. at 626). The Court in *McGinnis* also referred to a later decision in which the Fifth Circuit "explicitly held that a constitutional challenge to § 922(g)(1)—the federal statute barring convicted felons from possessing firearms—was foreclosed by our pre-*Heller* but post-*Emerson* precedent, which *Heller* "'provide[d] no basis for reconsidering.'" *McGinnis*, 956 F.3d at 755 (quoting *United States v. Anderson*, 559 F.3d 348, 352 (5th Cir. 2009)).

The Fifth Circuit has made plain that the Second Amendment does not preclude prohibiting firearms possession based on the risk that persons pose to others, such as unlawful users of controlled substances or addicts, as referred to in 18 U.S.C. § 922(g)(3). *See United States v. May*, 538 Fed.Appx. 465, 466 (5th Cir. 2013) (rejecting claim that "§ 922(g)(3) is unconstitutional on its face based on its infringement of the Second Amendment" as precluded by the recognition that "unlawful users of controlled substances pose a risk to society if permitted to bear arms and that prohibiting such persons from possessing firearms does not infringe the Second Amendment"); *United States v. Patterson*, 431 F.3d 832, 836 (5th Cir. 2005) ("[p]rohibiting unlawful drug users from possessing firearms is not inconsistent with the right to bear arms guaranteed by the Second Amendment"). Both the Supreme Court and the Fifth Circuit have remained steadfast in upholding 18 U.S.C. § 922(g).

## II. Nothing in *Bruen* Alters the Constitutionality of Prohibiting Firearms Possession as Prescribed in 18 U.S.C. § 922(g)(3)

The recent Supreme Court opinion in *Bruen* on which Daniels relies to challenge the constitutionality of 18 U.S.C. § 922(g)(3) says nothing of concern about the statute at issue here. *Bruen* focused on the constitutionality of a discretionary gun permit authorized by New York law. *Bruen*, 2022 WL 2251305, at *5. *See id.* at 6 & n.1 (distinguishing New York law from state laws authorizing public carry licenses "without granting licensing officials discretion to deny licenses") (citing, *inter alia*, MISS. CODE ANN. § 45-9-101 (2022)). The statute with which Daniels is charged does not involve the exercise of discretion in determining whether to grant a firearms permit but is designed to apply to a category of prohibited persons, as permitted by longstanding law. *See* 18 U.S.C. § 922(g)(3).

As the Supreme Court reiterated in *Bruen*, the Second Amendment addresses "'the right of **law-abiding, responsible citizens** to use arms' for self-defense." *Bruen*, WL 2251305, at *12 (quoting *Heller*, 554 U.S. at 635) (emphasis added). An "unlawful user" as referred to in Section 922(g)(3) is by definition not law abiding and an "addict" cannot be fairly said to be a "responsible citizen." *Bruen*, WL 2251305, at *12. In short, *Bruen*'s focus on discretionary licensure for firearms says nothing about the statute at issue in this case.

For further clarity about the scope of the Court's decision in *Bruen*, Justice Kavanaugh, in his concurrence, emphasized that nothing in the opinion should be read to address the possession of firearms by felons and other categories of persons who pose a risk to others. *See Bruen*, WL 2251305, at *39 (Kavanaugh, J., concurring). *See also Bruen*, WL 2251305, at *35 (Alito, J., concurring) (decision does not address "the categories of people who may lawfully possess a gun"). The statute at issue in this case is entirely unaffected by *Bruen* and the motion is wholly without merit.

Unlike the New York discretionary gun licensure provision at issue in *Bruen*, the federal law that Daniels is charged with violating is part of the historical tradition of regulating firearms possession "to prevent guns from falling into the wrong hands." *Abramski v. United States*, 573 U.S. 169, 172, (2014).  As the Supreme Court has recognized, "[u]nder § 922(g), certain classes of people—felons, drug addicts, and the mentally ill, to list a few—may not purchase or possess any firearm." *Id*.  *Bruen* has no impact on this well-defined, limited provision that is entirely consistent with the Second Amendment.

## CONCLUSION

For the reasons set forth above, the Court should deny the motion to dismiss.

Respectfully submitted,

DARREN J. LaMARCA
*United States Attorney*

By:  /s/ *Erica L. Rose*
Erica L. Rose
*Assistant U.S. Attorney*
erica.rose@usdoj.gov

Jonathan D. Buckner
*Assistant U.S. Attorney*
jbuckner@usdoj.gov
United States Attorney's Office
1575 20th Avenue
Gulfport, MS 39560
(228) 560-1560
*Attorneys for the United States*

## CERTIFICATE OF SERVICE

I, Erica L. Rose, Assistant United States Attorney, hereby certify that on this day, I caused to be electronically filed the foregoing document with the Clerk of the Court, which provides notice to all counsel of record.

So certified, this the 5th day of July 2022.

/s/ *Erica L. Rose*
Erica L. Rose
Assistant U.S. Attorney