IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                                  CRIMINAL NO. 1:22cr58LG-RHWR

PATRICK DARNELL DANIELS, JR.

### REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

COMES NOW the defendant, PATRICK DARNELL DANIELS, JR., and submits the following reply to the government's response to the motion to dismiss the indictment in this case.

The government's response relies on a well-developed line of precedents from the Fifth Circuit interpreting the Second Amendment, principally *United States v. Emerson*, F.3d (5th Cir. 2001) and its various reaffirmations over the last twenty years.  The government also relies on prior Supreme Court holdings such as *District of Columbia v. Heller*, 554 U.S. 570 (2008) for similar purposes.  However, the government's response fails to address the clear requirement of the Supreme Court's most recent guidance on regulations which implicate rights under the Second Amendment.

Specifically, the government does not engage with the Supreme Court's recent rejection of the ""two-step" framework for analyzing Second Amendment challenges that combines history with means-end scrutiny."  *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, No. 20-843, 2022 WL 2251305, at *8 (U.S. June 23, 2022).  Post-*Bruen*, "the government may not simply posit that [a firearm] regulation promotes an important interest."  *Id*. Rather, courts must now recognize that when conduct is addressed by the "plain text" of the Second Amendment, "the Constitution presumptively protects that conduct."  *Id*.  Justification of any such prohibition requires that the government "demonstrate that the regulation is consistent with this Nation's

historical tradition of firearm regulation." *Id.*

In the case at bar, Mr. Daniels is charged with a violation of 18 U.S.C. § 922(g)(3), which seeks to prohibit possession of firearms to those who are "unlawful users" of a controlled substance. The law's ambit is to restrict conduct covered by the plain text of the Second Amendment and is therefore presumptively unconstitutional absent a demonstration that the restriction is firmly rooted in this country's tradition of firearm restrictions. The government has failed to do so, relying instead on prior Fifth Circuit opinions such as *United States v. May*, 538 Fed.Appx. 465 (5th Cir. 2013) and *United States v. Patterson*, 431 F.3d 832 (5th Cir. 2005), both of which seek to affirm that 18 U.S.C. § 922 does not violate the Second Amendment, but do so without examining the historical basis for such regulations.

The government also relies on *United States v. Emerson*, 270 F.3d 203 (5th Cir. 2001), and its progeny, which do provide historical analysis of the Second Amendment, but do not contain analysis of whether 922(g)(3)'s prohibition against drug users is grounded in historical traditions of gun regulation. Instead of providing such evidence as required under *Bruen*, the government argues that unlawful users are by definition not law abiding and as "addicts" such persons cannot be responsible citizens. Gov. Resp., p. 3. However, this argument is merely an attempt to revert to the pre-*Bruen* means-end scrutiny employed by the Fifth Circuit. Whether or not 922(g)(3) may survive rational-basis or intermediate scrutiny is no longer relevant to Second Amendment analysis. Also misguided is the government's attempt to rely on language from Justice Kavanaugh's concurrence in *Bruen*, which does not hold the force of law.

The Supreme Court's language in *Bruen* is clear, and requires that the government establish that the restrictions it attempted to put in place when it enacted 18 U.S.C. § 922(g)(3) are

"consistent with this Nation's historical tradition[.]" *Bruen*, at *8. The government has failed to meet its burden to show that 18 U.S.C. § 922(g)(3) is not an unconstitutional violation of the Second Amendment. Mr. Daniels therefore respectfully requests that this Court grant his motion, and dismiss the indictment in this case.

    Respectfully submitted this, the 5th day of July, 2022.

OMODARE B. JUPITER
Federal Public Defender

By: */S/John W. Weber III*
John W. Weber III (MB# 101020)
Assistant Federal Public Defender
Southern District of Mississippi
2510 14th Street, Suite 902
Gulfport, MS   39501
Phone: (228) 865-1202
Fax:    (228) 867-1907
Email: john_weber@fd.org
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, John W. Weber III, do hereby certify that I have this day electronically filed the foregoing Motion with the Clerk of the Court using the ECF system which sent notification of such filing to the Assistant United States Attorney Erica Rose.

This the 5th day of July, 2022.

>/s/John W. Weber III
>John W. Weber III
>Assistant Federal Public Defender