IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 1:22cr58-LG-RHWR

PATRICK DARNELL DANIELS, JR

## MEMORANDUM OF AUTHORITIES IN SUPPORT OF GOVERNMENT'S MOTION *IN LIMINE* CONCERNING JURY NULLIFICATION

The Government, by and through its undersigned counsel, respectfully submits this Memorandum of Authorities in Support of the Government's Motion *in Limine* Concerning Jury Nullification. For the reasons sets forth below, the Government's motion should be granted.

### Background

On April 25, 2022, law enforcement officers in Bay St. Louis, Mississippi conducted a traffic stop on the Defendant. The Defendant was the sole occupant of the vehicle. During the course of the stop, officer located suspected marijuana residue and two firearms. The Defendant was driving on a suspended driver's license. He was taken into custody.

Post *Miranda*, the Defendant admitted to possession of both firearms. He also admitted using marijuana approximately 14 days out of the month. He explained that he began using marijuana after he graduated from high school.

### Argument

The Government anticipates that, during trial, the Defendant may attempt to introduce evidence and/or make arguments that invite jury nullification. For example, the Government anticipates that the Defendant may attempt to question witnesses about recent changes in state law concerning medicinal marijuana, the Second Amendment, the Defendant's potential danger

1

to himself or others, and/or the Defendant's potential punishment. Such evidence and/or argument is inappropriate and should be barred.

As a threshold matter, evidence touching on these issues is not relevant. Therefore, it is inadmissible. *See* FED. R. EVID. 402. Furthermore, to extent it might have some limited relevance, such relevance is substantially outweighed by the danger of confusing the issues and misleading the jury. *See* FED. R. EVID. 403. Finally, although a jury may choose to acquit for any reason, a defendant does not have a right to encourage jury nullification. *See United States v. Ruiz-Ladd*, 2021 U.S. Dist. LEXIS 128909, *2-3 (W.D. Tex. July 12, 2021) (prohibiting defense counsel from encouraging jury nullification by emphasizing the legality of marijuana use in some jurisdictions, suggesting the offense should be considered lightly, or discussing the defendant's potential punishment).

Accordingly, the Government respectfully requests that the Court follow the rationale set forth in *Ruiz-Ladd* and grant the Government's motion.[1]

---

[1] In making this motion, the Government reserves the right to address potential jurors' individual views concerning the legality and use of marijuana, the Second Amendment, and their ability to follow the Court's instructions during *voir dire*. The Government has a legitimate interest in identifying potential jurors with favorable views about the possession of marijuana that would be a basis for their not accepting the Court's instructions to follow the law.

Dated this the 13th day of July, 2022.                    Respectfully submitted,

                                                    DARREN J. LaMARCA
                                                    *United States Attorney*

                                                      Erica Rose
                                                      *Assistant United States Attorney*
                                                      OH Bar # 0087758

                                 By:     *Jonathan D. Buckner*
                                                      Jonathan D. Buckner
                                                      *Assistant United States Attorney*
                                                      MS Bar # 104146
                                                      1575 20th Avenue
                                                      Gulfport, MS 39501
                                                      Ph: (228) 563-7275
                                                      Jonathan.Buckner@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of July, 2022, I caused to be filed the foregoing memorandum with the Clerk of the Court using the ECF system which sent notification of such filing to counsel of record.

                                                                   *Jonathan D. Buckner*
                                                                     Jonathan D. Buckner
                                                                     *Assistant United States Attorney*