IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                              CRIMINAL NO. 1:22cr58-LG-RHWR

PATRICK DARNELL DANIELS, JR

## MOTION *IN LIMINE* CONCERNING DEFENDANT'S JURY INSTRUCTION D-1 AND MEMORANDUM OF AUTHORITIES IN SUPPORT

The Government, by and through its undersigned counsel, respectfully moves this Court to rule that Defendant's Proposed Jury Instruction D-1 is not applicable to this case. D-1 improperly attempts to instruct the jury on the definition for "addict." However, Daniels is ***not*** charged as an addict. The grand jury charged him with being an unlawful user and omitted the alternative "addict" provision of the 18 U.S.C. § 922(g)(3). Accordingly, D-1 should be rejected.

The Fifth Circuit has recognized that the standard for conviction as an "addict" is higher than that of an "unlawful user." *See United States v. Patterson*, 431 F.3d 832, 839 (5th Cir. 2005). The opinion in *United States v. Tellez*, 251 Fed.Appx. 915 (5th Cir. 2007), is even more probative of the issue. In that case, the trial court instructed the jury that "to be an 'unlawful user' under this statute one must have engaged in the regular use of a controlled substance over a period of time proximate to or contemporaneous with the possession of the ammunition." *Id.* at 915-16. *See* Exhibit A (W.D. Tex. instruction for elements of 18 U.S.C. § 922(g)(3)). On appeal, the defendant argued that the court should have provided the definition from *United States v. Hererra,* 289 F.3d 311, 323-24 (5th Cir. 2002) (*Herrera I*), vacated, *United States v. Herrera,* 313 F.3d 882 (5th Cir. 2002) (en banc) (*Herrera II*). The *Herrera I* definition for an unlawful user was "one who uses narcotics so frequently and in such quantities as to lose the power of self

1

control and thereby pose a danger to the public morals, health, safety, or welfare." *Herrera I*, 289 F.3d at 323-24.  In a summary affirmance, the *Tellez* Court rejected the defendant's request for the *Herrera I* instruction and held that the defendant's request was foreclosed by the Fifth Circuit's precedent. *Tellez*, 251 Fed.Appx. at 915-16.

In the case at hand, D-1 would require the Government to prove that the defendant "habitually [used] any narcotic drug so as to endanger the public morals, health, safety, or welfare, or who is so far addicted to the use of narcotic drugs as to have lost the power of self-control with reference to his addiction."[1]  This type of language was specifically rejected by the Fifth Circuit in *Tellez*.  Furthermore, it is contrary to the definition adopted by the Fifth Circuit in *Patterson*, 431 F.3d at 839, and *United States v. McCowan*, 469 F.3d 386, 391-92 (5th Cir. 2006) (holding that an unlawful user charge requires proof of "a pattern of use over an extended period of time.").

Daniels's proposed jury instruction would serve to modify what the grand jury charged in this case.  Under the statute, a defendant is subject to being charged with being "an unlawful user of ***or*** addicted to any controlled substance." 18 U.S.C. § 922(g)(3) (emphasis added).  The indictment specifically charges Daniels with being "an unlawful user" and does not allege that he was an addict.  Instructing the jury as to the alternative "addict" provision would distort what the grand jury charged and would effectively amount to a constructive amendment of the indictment.  Because the determination of this issue will affect: (1) the type of proof required to sustain a conviction, (2) the scope of the Indictment, and (3) the trial strategy of both parties, the Government requests that the Court address this issue in advance of trial.

---

[1] The Government notes that the Defendant's proposed jury instruction also goes to the Government's first motion *in limine*, which asked the court to preclude the defendant from questioning witnesses concerning "the Defendant's potential danger to himself or others." ECF # 31 at 1-2.

Dated this the 21st day of July 2022.                    Respectfully submitted,

                                                   DARREN J. LaMARCA
                                                 *United States Attorney*

                                                 Erica Rose
                                                 *Assistant United States Attorney*
                                                 OH Bar # 0087758

                           By:    *Jonathan D. Buckner*
                                                 Jonathan D. Buckner
                                                 *Assistant United States Attorney*
                                                 MS Bar # 104146
                                                 1575 20th Avenue
                                                 Gulfport, MS 39501
                                                 Ph: (228) 563-7275
                                                 Jonathan.Buckner@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 21st day of July, 2022, I caused to be filed the foregoing motion with the Clerk of the Court using the ECF system which sent notification of such filing to counsel of record.

                                                                               *Jonathan D. Buckner*
                                                                               Jonathan D. Buckner
                                                                               *Assistant United States Attorney*