IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                          CRIMINAL NO. 1:22cr58LG-RHWR

PATRICK DARNELL DANIELS, JR.

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COMES NOW the defendant, PATRICK DARNELL DANIELS, JR., and submits this memorandum in support of his motion to dismiss the Indictment because 18 U.S.C. § 922(g)(3) is unconstitutionally vague on its face.

I.      Vagueness Doctrine.

"[A] vague law is no law at all." United States v. Davis, 139 S. Ct. 2319, 2323 (2019). Before a person can be fairly tried and punished, "his case must be 'plainly and unmistakably' within the provisions of some statute." United States v. Gradwell, 243 U.S. 476, 485 (1917) (internal citation omitted).

The Fifth Amendment to the U.S. Constitution provides that "[n]o person shall … be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Under the Due Process Clause, the government may not take away "someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." Johnson v. United States, 576 U.S. 591, 595 (2015).

The vagueness doctrine serves three purposes.   First, citizens are entitled to know what the law says in terms clear enough to follow and understand. Grayned v. City of Rockford, 408

U.S. 104, 108 (1972) ("[B]ecause we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly.") Second, clear laws provide the "precision and guidance [] necessary so that those enforcing the law do not act in an arbitrary or discriminatory manner." FCC v. Fox Television Stations, 567 US. 239, 253 (2012); see also Kolender v. Lawson, 461 U.S. 352, 358 (1983) (vague statutes "permit a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections"). Third, "[t]he fair warning requirement also reflects the deference due to the legislature, which possesses the power to define crimes and their punishment." United States v. Lanier, 520 U.S. 259, 265 n.5 (1997).

II.  18 U.S.C. §922(g)(3) is unconstitutionally vague on its face.

The unlawful user statute is facially vague for two reasons. First, it fails to provide proper notice because it fails to define "unlawful user" and fails to provide a temporal nexus between possessing a firearm and unlawful drug use. Second, judicial efforts to limit application of the statute have failed and offend separation-of-powers principles.

A. A facial challenge is appropriate.

Historically, courts have analyzed the question of Fifth Amendment vagueness "as applied" to an individual defendant, rather than assessing the facial validity of the statute. *See, e.g.*, Maynard v. Cartwright, 486 U.S. 356, 361 (1988); United States v. Patterson, 431 F. 3d 832, 836 (5th Cir. 2005). However, Supreme Court jurisprudence calls into question this approach, and supports application of a facial validity analysis.

First, the Supreme Court has embraced a facially valid analysis "where the uncertainty

induced by the statute threatens to inhibit the exercise of constitutionally protected rights." Colautti v. Franklin, 439 U.S. 379 (1979)(holding that an abortion-related law was unconstitutionally vague on its face); *see also* Akron v. Akron Center for Reproductive Health, Inc., 462 U.S. 416, 451 (1983)(same).   18 U.S. C. §922(g)(3) intrudes upon fundamental rights protected by the Second Amendment.   *See* District of Columbia v. Heller, 554 U.S. 570 (2008); New York State Rifle & Pistol Association, Inc. v. Bruen, No. 20-843, 2022 WL 2251305, (S.Ct., June 23, 2022).

Second, recent Supreme Court jurisprudence establishes that a statue can be facially invalid when it suffers from "hopeless indeterminacy." Johnson, 576 U.S. at 602 ("although statements in some of our opinions could be read to suggest otherwise, our holdings squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp").    The Johnson majority pointed out that it had deemed a law prohibiting grocers from charging an "unjust or unreasonable rate: void for vagueness, even though the law might be acceptable as applied to someone charging "a thousand dollars for a pound of sugar." Id. at 602-03 (*citing* United States v. L. Cohen Grocery Co., 255 U.S. 81 (1921)). The Court also struck down a law prohibiting people on sidewalks from "conducting themselves in a manner annoying to persons passing by," even though reasonable people could agree it would apply to "spitting in someone's face." Id. at 603 (citing Coats v. Cincinnati, 402 U.S. 611(1971)).

The Court in *Johnson* struck down the residual clause of the Armed Career Criminal Act, a provision covering a range of conduct well outside the scope of any constitutional protection. Id. Not long after *Johnson*, the Court struck down the same vague language in §924(c), recognizing

3

that to do otherwise, the Court "would be effectively stepping outside our role as judges and writing a new law rather than applying the one Congress adopted." Davis, 139 S. Ct. at 2324. The Court rejected constitutional avoidance as a means of saving the fatally vague provision in §924(c) because it would judicially expand the statute and "risk offending the very same due process and separation-of-powers principles on which the vagueness doctrine itself rests." Id. at 2333.

The unlawful user statute is similarly ripe for facial challenge.

> B. 18 U.S.C. § 922(g)(3) fails to define "unlawful user" and fails to provide a temporal nexus between possessing a firearm and unlawful drug use.

The void-for-vagueness doctrine requires that a penal statute have sufficient definiteness that ordinary people can understand what conduct is prohibited. Kolender, 461 U.S. at 357. That's because "[n]o one may be required at peril of life, liberty, or property to speculate as to the meaning of penal statutes." Morales, 527 U.S. at 58 (quoting Lanzetta v. New Jersey, 306 U.S.451, 453 (1939)). Furthermore, the legislature may not delegate the "legislative power to courts and juries to determine what acts should be held to be criminal and punishable." L. Cohen Grocery Co., 255 U.S.at 86-87.

Ordinary people must speculate if a statute's "mandates are so uncertain that they will reasonably admit of different constructions." Connally v. Gen. Constr. Co., 269 U.S. 385, 393 (1926) (*quoting* United States v. Capital Traction Co., 34 App. D.C. 592 (Ct. Apps. D.C. 1910)). "Laws which prohibit the doing of things, and provide a punishment for their violation, should have no double meaning." United States v. Reese, 92 U.S. 214,219 (1876).

18 U.S.C. § 922(g)(3) prohibits gun possession by anyone who "is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substance Act

4

(21 U.S.C. §802))." The phrase "unlawful user" is not defined by statute, has no common law or specialized meaning, and covers an unknown set of acts or attributes. The statute provides no guidance as to when gun possession becomes prohibited, running "the risk of being unconstitutionally vague without a judicially-created temporal nexus between the gun possession and [unlawful] drug use." United States v. Turner, 842 F. 3d 602, 604 (8th Cir. 2016). These dual indeterminacies, standing alone and taken together, render 18 U.S.C. §922(g)(3) unconstitutionally vague. *See, e.g.*, Johnson, 576 U.S. at 591.

In determining whether the meaning of statutory language is plain or ambiguous, courts look to "the language [of the statute] itself, the specific context in which that language is used, and the broader context of the statute as a whole." Robinson, 519 U.S. at 342, (*citing* Estate of Cowart, v. Nicklos Drilling Co., 505 U.S.469, 477 (1992)). Generally, when examining statutory language, words are given their common usage. Smith v. United States, 508 U.S. 223, 238 (1993). "Courts are not free to read into the language what is not there, but rather should apply the statute as written." United States v. Murphy, 35 F. 3d 143, 147 (4th Cir. 1994).

With 18 U.S.C. § 922(g)(3) as the exception, each provision in § 922(g) requires a specific triggering event, such as a felony conviction or entry of a restraining order.   For example, §922(g)(4) does not merely prohibit "mental defectives" from possessing firearms.   The statute requires an adjudication or formal commitment to trigger prohibition of firearm possession. While questions might be raised about what it means to be a "fugitive from justice," 18 U.S.C. § 921 steps in to provide a specific definition that includes an intentional crossing of state lines.[1]

---

1 "The term "fugitive from justice" means any person who has fled from any State to avoid prosecution fro a crime or to avoid giving testimony in any criminal proceeding." 18 U.S.C. § 921(a)(15).

5

No triggering event is required under § 922(g)(3). No statute provides a clarifying definition. Determining what is covered by § 922(g)(3) becomes an unconstitutional exercise in making "wholly subjective judgements without statutory definitions, narrowing context, or settled legal meanings." United States v. Williams, 553 U.S.285, 306 (2008).

Courts have attempted to define "unlawful user," but fail to define boundaries, leaving both qualitative and quantitative prerequisites unknown. Defendants and courts must guess about temporal boundaries for "use" and then attempt to determine what "unlawful" use looks like. Without a definition of either, ordinary people do not have "fair notice of the conduct" the statute prohibits.[2]

The Seventh Circuit deemed "unlawful user" synonymous with "habitual drug abuser," and offered no further clarification. United States v. Yancy, 621 F. 3d 681, 684 (7th Cir. 2010). The Ninth Circuit suggested a "common sense meaning of the phrase," failed to clarify what that might be, and concluded that it covered the defendant's conduct. United States, v. Ocegueda, 564 F. 2d 1363, 1365-66 (9th Cir. 1977) (defendant's heroin use was "consistent, prolonged, and contemporaneous" with him buying a gun). Ocegueda suggested a definition in the negative by noting what would not fit a common sense meaning of the phrase: "[if the defendant] used a drug that may be used legally by laymen in some circumstances, or had his use of heroin been infrequent and in the distant past," he might not be liable under § 922(g)(3).[3] The Sixth Circuit

---

2 The lack of definition for "unlawful user" requires courts to first picture the conduct of an addict, statutorily defined, and then picture what conduct involves unlawful use of controlled substances short of that definition, and then determine whether that conduct fits within the court's definition of "unlawful user of controlled substances."
3 This example of what a court considers to not be unlawful merits discussion   It first notes that legal drugs, even though technically controlled substances, may not expose someone to criminal liability. This seems inconsistent with the statute because it does not differentiate between substances that are categorically prohibited and substances for which exceptions are made. Second, the court notes that if the defendant's heroin use had been infrequent and in the distant past, criminal liability may not attach. How frequent is infrequent, and how far in the past does it have to

defined an "unlawful user" as someone who "took drugs with regularity, over an extended period of time[.]" United States v. Bowen, 938 F. 3d 790, 793 (6th Cir. 2019). Without defining 'regularity" or "extended period of time," the Bowen court held that the defendant's conduct qualified him as an unlawful user. Id. at 793-94.

The dictionary definition of user is "one that uses." https://www.merriam-webster.com/dictionary/user (last visited July 20, 2022). Black's Law Dictionary supplies a similar definition: "[s]omeone who uses a thing." Black's Law Dictionary ( 11th ed. 2019). Based on those definitions, an unlawful user could be anyone who uses, at any point in their life, any of the numerous substances listed on the federal schedule. Even if "user" implicitly refers to present use, it remains unclear: How does one define present use? Is a single instance of drug use sufficient? Two uses? Fifty? Is anyone who has used in the past and may use again a present user? When does "use" begin and end? Must use be contemporaneous with possession of a firearm? If not, how attenuated can use and firearm possession be? The statute leaves you only to guess.

The phrase "addicted to" likewise lacks a clear or workable definition and fails to offer a useful comparison to determine the boundaries of "unlawful user." See Johnson, 576 U.S. at 596 (inclusion of enumerated crimes confirms that a court must assess, risk, an inherently undefinable quality). First, the statutory definition relies on an unstated and indeterminate definition of addiction. 21 U.S.C. § 802(1) provides that "[t]he term "addict' means any

---

be to qualify as "distant past?" Does a combat veteran who uses marijuana to combat Post Traumatic Stress Disorder, once a month, qualify as a frequent or infrequent user? Does it matter if the veteran started medicating with marijuana last month, last year or five years ago? What if she used marijuana 14 days ago and possesses a firearm?

individual who habitually uses any narcotic drug so as to endanger the public morals, health, safety, or welfare, or who is so far addicted to the use of narcotic drugs to have lost the power of self-control with reference to his addiction." The statutory definition includes "habitual" drug use that endangers public safety, health, welfare, or morals. Id. It is unclear what "addicted" means, since to qualify as an "addict" a person must be "so far addicted as to have lost self-control. Implicit in this definition is the notion that a person may be "addicted to" a substance but not "so far" addicted as to be an "addict."

Compounding this ambiguity further, the statutory definition of "addict" applies by its terms exclusively to "narcotic drugs," which 21 U.S.C. § 802(17) defines as a limited set of substances far narrower than the range of "controlled substances" referenced in § 922(g). It is unclear if the § 922(g)(3) firearm prohibition applies to those addicted to only narcotics or those addicted to any controlled substance.

The dictionary definition is no assistance, and offers two alternative definitions for "addicted": "having a compulsive physiological need for a habit forming substance (such as a drug)," and "strongly inclined or compelled to do, use, or indulge in something repeatedly," https://www.merriam-webster.com/dictionary/addicted (last visited July 20, 2022). The first definition potentially calls for a physiological examination, and opens the discussion to additional questions: Is a person addicted who has any amount of compulsive thinking or feeling? Must the addiction rise to the level of a disorder diagnosable under the Diagnostic and Statistical Manual of Mental Disorders? Is a professional diagnosis required? If the addiction must be diagnosed, why does the statue not specify? What if a person has a physiological addiction that is treated with effective medication? How long is a person addicted to a substance

after use stops?

Attempting to read the phrases "unlawful user of" and "addicted to" together only compounds the ambiguity. The rule against surplusage counsels that each of these phrases must be read as contributing some meaning to the statute. The presence of the "unlawful user of" language appears tailored to capture circumstances in which a person uses a controlled substance without being addicted to it. Is an "unlawful user" a habitual drug user that does not endanger public health, safety, welfare, or morals? In order to give meaning to the "addicted to" language, the phrase must cover circumstances not captured by "unlawful user of." Would this include people addicted to a controlled substance who does not use the substance? The only plausible conclusion is that "unlawful user" has no definite and regular meaning either technically or at common law. The term "unlawful user" is unrestricted and generic, leaving the criminality up to courts to effectively say "I know it when I see it." This "I know it when I see it" standard bears a striking resemblance to "judicially imagined ordinary case of a crime" required by the now-defunct residual clause of the ACCA. Johnson at 597. The residual clause "offer[ed] no reliable way to choose between competing accounts of what ordinary" crimes involved. Id. at 598. The same flaw is found in "unlawful user"- some courts say habitual, some courts say regular – and those words are meaningless unless and until a court decides that the defendant's conduct fits within it.

Just as the residual clause of the ACCA was unconstitutionally vague, § 922(g)(3) requires judicial inquiry quality and quantity of drug use coupled with an amorphous temporal nexus between the offensive conduct and firearm possession, resulting in "more unpredictability and arbitrariness" than the Constitution allows. Davis, 139 S. Ct. at 2326.

    C.    <u>Judicial efforts to limit application of the statute have failed to resolve its vagueness and offend the separation of powers.</u>

18 U.S.C. § 922(g)(3) offends the separation of powers doctrine because any definition given to "unlawful user of" or "addicted to" would come from Article III judges, not Congress. *See* <u>Lanier</u>, 520 U.S. at 265 n.5 ("The fair warning requirement also reflects the deference due to the legislature, which possesses the power to define crimes and their punishment"). Because the terms Congress promulgated in the statute are not clearly defined, judicial definition of those terms is an unconstitutional defining of those terms. <u>Davis</u>, 139 S. Ct. at 2325 (vague laws "undermine the Constitution's separation of powers and the democratic self-governance it aims to protect" and "threaten to hand responsibility for defining crimes to relatively unaccountable police, prosecutors, judges, eroding the people's ability to oversee the creation of the laws they are expected to abide.") (internal quotations omitted).

    D.    <u>United States v. Morales-Lopez, 2:20-cr-00027-JNP, 2022 WL 235590 (D Utah. June 30, 2022) held 18 U.S.C. §922(g)(3) unconstitutionally vague on its face in violation of the Fifth Amendment's Due Process clause.</u>

The district court concluded that § 922(g)(3) is unconstitutionally vague "because it fails to give ordinary people fair notice of what conduct it prohibits and because it invites courts, rather than the legislature, to decide what constitutes a crime." <u>Morales-Lopez</u>, at *8.   The district court noted that § 922(g)(3) fails to define "user." §922(g)(3) "provides no [ ] guidance for this court – nor for citizens attempting to understand the standard to which they will be held." <u>Id.</u> The district court turned to the dictionary definition of "user." The court noted "that without further definition, "user" may refer to one who uses drugs, annually, monthly, weekly, or daily, or to one who has ingested drugs only once. <u>Moralez-Lopez</u>, at *8,

    The district court found that the statue fails to give notice of what it prohibits because "it


fails to define the requisite temporal proximity between unlawful drug use and firearm possession." Id. at *9. The court determine that "[b]ecause the term 'user' does not connote regular and ongoing use, it would be unclear to the ordinary person at what point he or she, after having unlawfully using a controlled substance, may lawfully possess a firearm." Id.

The district court also voiced separation on powers concerns. The court noted that "[c]ourts openly admit that '[i]n order to combat this uncertainty, courts have added a temporal element." Id. (citing United States v. Holmes, No. 15-CR-129, 2016 WL 54918, at *1 *E.D. Wis. Jan. 5, 2016; United States v. Turnbull, 349 F. 3d 558, 561 (8th Cir. 2003) ("The term 'unlawful user' is not otherwise defined in the statute, but courts generally agree the law runs the risk of being unconstitutionally vague without a judicially-created temporal nexus between the gun possession and regular drug use.")). "These judicial efforts to add an element to the statute illustrate the way in which § 922(g)(3) runs afoul of separation-of-powers principles." Id. at *10. While the district court understood the response of courts to create the additional requirements for criminal responsibility, the court recognized that this was the 'rewriting [of] rules that Congress has affirmatively and specifically enacted." Id. "[T]he practice of courts regarding § 922(g)(3) 'substitute[s] the judicial for the legislative department' and runs afoul of the Supreme Court's proclamation that 'Congress, rather than the executive or judicial branch, define what conduct is sanctionable and what is not.'" Sessions v. Dimaya, 138 S. Ct. 1204, 1212 (2018).

While it is arguable, or perhaps agreed that regular drug use contemporaneous with the possession of a firearm is the core of conduct prohibited by § 922(g)(3), "it is questionable, in light of Johnson, whether a clearly prohibited core of conduct continues to save the constitutionality of otherwise vague statues." Morales-Lopez, at *11. The fact "that some

conduct is clearly prohibited by a statue does not render the statute constitutional. Id; *see* Johnson, 576 U.S. at 603. The district court concluded that 18 U.S.C. § 922(g)(3) is void for vagueness. Morales-Lopez, at *12.

The defendant recognizes that Fifth Circuit precedent states that "a criminal statute is not unconstitutionally vague 'if it defines the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" United States v. Patterson, 431 F. 3d 832, 836 (5th Cir. 2005) (quoting United States v. Edwards, 182 F. 3d 333, 335 (5th Cir. 1999). "Second, 'when a vagueness challenge does not involve First Amendment freedoms, [this court] examine[s] the statute only in light of the facts of the case at hand.'" Id.(quoting Edwards at 335). In other words, a defendant must first show that the statute is vague as applied to the facts of his case before the court will address a facial challenge to the statute, and a defendant whose conduct is clearly prohibited by §922(g)(3) cannot make a facial vagueness challenge. If this is a correct application of the law, a defendant could never make a facial vagueness challenge if the defendant's conduct is clearly prohibited. Patterson and Edwards predate Johnson, and Johnson "allows a defendant to bring a facial challenge without regard to the particular facts of his case." Morales-Lopez at *5.

The court is encouraged to address the defendant's facial vagueness challenge. The statute fails to define the requisite temporal nexus between drug use and possession of a firearm. Combining the indeterminacy of how to measure the level of unlawful use with the indeterminacy of temporal connection "produces more unpredictability and arbitrariness than the Due Process Clause tolerates." Johnson v. United States, 576 U.S. 591, 598 (2015).

Because of the absence of any stated standard, it is unclear as to the frequency and severity of drug use Congress intended to serve as the basis to preclude someone from possessing a firearm.   The statute is unconstitutionally void-for-vagueness on its face.   The indictment should be dismissed.

Respectfully submitted this, the 21st day of July 2022.

        OMODARE B. JUPITER
        Federal Public Defender

By:   */S/John W. Weber III*
       John W. Weber III (MB# 101020)
       Assistant Federal Public Defender
       Southern District of Mississippi
       2510 14th Street, Suite 902
       Gulfport, MS   39501
       Phone: (228) 865-1202
       Fax:   (228) 867-1907
       Email: john_weber@fd.org

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, John W. Weber III, do hereby certify that I have this day electronically filed the foregoing Memorandum with the Clerk of the Court using the ECF system which sent notification of such filing to the Assistant United States Attorney Erica Rose.

This the 21st day of July 2022.

/s/*John W. Weber III*
John W. Weber III
Assistant Federal Public Defender