UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                                                          Criminal No. 1:22cr58LG-RHWR

PATRICK DARNELL DANIELS, JR.

**RESPONSE OF UNITED STATES TO UNTIMELY SECOND MOTION TO DISMISS**

Despite having missed the deadline for filing dispositive motions, defendant Patrick Darnell Daniels, Jr., has moved to dismiss the indictment, for a second time. This time Daniels claims that 18 U.S.C. § 922(g)(3) is unconstitutionally vague. (*See* Doc. 34; Doc. 35.) Daniels argues that the statue is void-for-vagueness on its face. However, the motion is not only untimely, but for the reasons set forth below, it is also unpersuasive and should be denied.

## Background

On April 25, 2022, law enforcement officers in Bay St. Louis, Mississippi conducted a traffic stop on the Defendant. The Defendant was the sole occupant of the vehicle. During the course of the stop, officer located smoked marijuana cigarettes/blunts and two firearms. The Defendant was driving on a suspended driver's license. He was taken into custody.

Post *Miranda*, the Defendant admitted to possession of both firearms. He also admitted using marijuana approximately 14 days out of the month. He explained that he began using marijuana after he graduated from high school.

## DISCUSSION

I. **Defendant's motion should be denied as untimely**

By order of this Court, the deadline for filing dispositive motions was set for July 1, 2022. (Doc. 19.) Without seeking leave of this Court or otherwise explaining his failure to comply with the court-imposed deadline, defendant has waited until the eve of trial to file a motion to dismiss, challenging the charges as unconstitutional. (Doc. 34 & 35.)[1]

The Federal Rules of Criminal Procedure authorize courts to set deadlines for filing pretrial motions. FED. R. CRIM. P.12(c)(1). The rules of this Court require that all motions, "both dispositive and non-dispositive, shall be filed within the time limits ordered by the magistrate judge." S.D. Miss. LOCAL RULE 47(B). This Court's rules also spell out the consequences of failing to comply with the deadline for filing pretrial motions: "Any motion filed beyond the motion deadline imposed by the magistrate judge in a scheduling order may be denied because the motion is filed untimely." S.D. Miss. LOCAL RULE 47(H).

This Court has not hesitated to recognize that the untimeliness of a motion is a proper basis for its denial in the absence of any showing of good cause for the delay. *See, e.g., United States v. Bennett*, 2016 WL 10703739, at *2 (S.D. Miss. 2016) (citing S.D. Miss. LOCAL RULE 47(H)). The Fifth Circuit also recognized that the failure to meet a motion deadline without good cause is proper basis for its denial. *See, e.g., United States v. Garcia*, 488 Fed.Appx. 804, 809 (5th Cir. 2012); *United States v. Aggarwal*, 17 F.3d 737, 742 (5th Cir. 1994).

Defendant's motion makes no attempt to explain or justify its late filing. None of the authorities that defendant relies on for this motion was unavailable at the time the dispositive motion deadline expires. Even the *Bruen* decision that Daniels cites (Doc. 35 at 3) was issued

---

[1] Daniels timely filed a previous motion challenging the constitutionality of his indictment in light of the Supreme Court's recent decision in *Bruen,* which this Court denied after expedited briefing and argument. (Doc.29) *See United States v. Daniels*, 2022 WL 2654232 (S.D. Miss. July 8, 2022).

within the period allowed for the filing of dispositive motions. *See New York State Rifle & Pistol Association, Inc. v. Bruen*, 2022 WL 2251305, (S.Ct., June 23, 2022).² The only other recent decision Daniels cites also was decided before the dispositive motion deadline and is an out-of-circuit district opinion from Utah that is not binding authority in our circuit. Doc. 35 at 10 (citing *United States v. Morales-Lopez*, 2022 WL 235590 (D Utah. June 30, 2022)). In short, Daniels has offered no good cause for failing to comply with the court-imposed deadline. As described below, even if it were timely, the motion is without merit.

II. **Defendant's void for vagueness challenge is foreclosed by Fifth Circuit precedent.**

The Fifth Circuit has consistently refused to recognize a void-for-vagueness challenge to 18 U.S.C. § 922(g)(3). *See United States v. Patterson*, 431 F.3d 832, 836 (5th Cir. 2005); *see also United States v. May,* 538 Fed.Appx. 465, 466 (5th Cir. 2013). In *Patterson*, the Court explained, "a criminal statute is not unconstitutionally vague if it defines the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." 431 F.3d at 836. (internal punctuation, citations, and quotations omitted). Additionally, when faced with a vagueness challenge, the *Patterson* Court indicated that the statute must only be examined in light of the facts of the case at hand. *Id*. Based on those principles, the Court rejected the defendant's challenge because:

> [A]n ordinary person would understand that Patterson's actions establish him as an unlawful user. He admitted that he regularly used marijuana and that he would have a difficult time complying with a release condition that required him not to use marijuana, and his urine specimen a week later tested positive for the drug.

*Id.*

---

² In citing *Bruen* for the proposition that "18 U.S.C. § 922(g)(3) intrudes upon fundamental rights protected by the Second Amendment" (Doc. 35 at 14), Daniels utterly ignores this Court's having held to the contrary. *See* n.1 *supra*.

First, a criminal statute is not unconstitutionally vague "if it 'defines the criminal offense Similarly, in *May*, the Court rejected the defendant's void for vagueness claims because an ordinary person would understand that the defendant's use of marijuana while in possession of firearms would establish him as an unlawful user in violation of § 922(g)(3). *May*, 538 Fed.Appx. at 466.

In the case at hand, an ordinary person would understand that the Defendant, who began using marijuana after he graduated from high school, used marijuana 14 days a month, and was found in a vehicle with smoked marijuana cigarettes/blunts, was an unlawful user of a controlled substance. Accordingly, pursuant to binding Fifth Circuit precedent, the Defendant's void for vagueness challenge should fail. Thus, his motion to dismiss should be denied.

**III.   Defendant's reliance on *Johnson v. United States* is misplaced.**

As a threshold matter, Defendant's motion and memorandum implicitly recognize that any as applied challenge to 18 U.S.C. § 922(g)(3) based upon the Defendant's conduct in this case should fail. Thus, Defendant attempts to avoid the Fifth Circuit's binding direction to examine the statute in light of the specific facts of the case at hand by relying on *Johnson v. United States*, 576 U.S. 591, 595 (2015). However, this too fails.

The Fifth, Second, Fourth, Seventh, Eighth, Ninth, Tenth Circuit Courts of Appeal and the Federal Circuit Court of Appeals have all recognized that *Johnson* did not explicitly discard the rule that a litigant whose conduct is clearly prohibited by a statute cannot successfully bring a facial vagueness challenge, and many of them have done so in the context of a challenge to 18 U.S.C. § 922(g)(3). *See e.g., United States v. Westbrooks*, 858 F.3d 317, 325 (5th Cir. 2017), *cert. granted & judgment vacated on other grounds*, 138 S. Ct. 1323, 200 L. Ed. 2d 510 (2018); *United States v. Hanson*, 26 F.4th 610, 620-21 (4th Cir. 2022); *United States v. Cook*,

4

970 F.3d 866, 877-78 (7th Cir. 2020) (holding that the defendant could not bring a facial challenge to 18 U.S.C. § 922(g)(3) and recognizing "*Johnson* did not alter the general rule that a defendant whose conduct is clearly prohibited by a statute cannot be the one to make a facial vagueness challenge."); *United States v. Bramer*, 832 F.3d 908, 909 (8th Cir. 2016) ("Though [the defendant] need not prove § 922(g)(3) is vague in all its applications, our case law still requires him to show that the statute is vague as applied to his particular conduct."); *Kashem*, 941 F.3d at 376 (9th Cir.); *303 Creative LLC v. Elenis*, 6 F.4th 1160, 1190 (10th Cir. 2021); *Bowling v. McDonough,* 2022 U.S. App. LEXIS 17731, *23-4 (Fed. Cir. June 28, 2022).  In fact, after deciding *Johnson*, the Supreme Court applied the traditional rule that an individual whose conduct is clearly proscribed by a statute cannot successfully raise a vagueness claim. *Expressions Hair Design v. Schneiderman*, 137 S.Ct. 1144, 1151-52 (2017).

In this case, the Defendant's conduct in clearly proscribed by 18 U.S.C. § 922(g)(3). Pursuant to Fifth Circuit precedent, he simply cannot bring a facial void for vagueness challenge. Therefore, the Court should deny his pending motion to dismiss.

## CONCLUSION

For the reasons set forth above, the Court should deny the motion to dismiss.

Dated this the 22nd day of July 2022.

Respectfully submitted,

DARREN J. LaMARCA
*United States Attorney*

Erica L. Rose OH Bar # 0087758
*Assistant United States Attorney*

By: *Jonathan D. Buckner*
Jonathan D. Buckner MS Bar # 104146
*Assistant United States Attorney*
1575 20th Avenue
Gulfport, MS 39501
Ph: (228) 563-7275
Jonathan.Buckner@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of July 2022, I caused to be filed the foregoing motion with the Clerk of the Court using the ECF system which sent notification of such filing to counsel of record.

*Jonathan D. Buckner*
Jonathan D. Buckner
*Assistant United States Attorney*