IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                          CRIMINAL NO. 1:22cr58LG-RHWR

PATRICK DARNELL DANIELS, JR.

**REPLY TO GOVERNMENT'S RESPONSE TO
DEFENDANT'S SECOND MOTION TO DISMISS**

COMES NOW the defendant, PATRICK DARNELL DANIELS, JR., and replies to the government's response to the Defendant's Second Motion to Dismiss. [Ct. R. 34].

The defendant recognizes that the Second Motion to Dismiss was filed after the deadline for filing dispositive motions, and that the court may deny the motion because it was untimely filed. S. D. Miss. LOCAL RULE 47(H).[1] In attempting to prepare and submit substantive jury instructions on Monday, July 18, 2022, undersigned counsel discovered United States v. Morales-Lopez, 2022 WL 235590 (D Utah. June 30, 2022).[2] While not binding precedent, Morales-Lopez ruled that 18 U.S.C. §922(g)(3) is unconstitutional, both facially and as applied. Id. The reasoning and analysis of facial vagueness challenges in light of Johnson v. United States, 576 U.S. 591, 595 (2015) appears to be well reasoned and calls into question the current rule established by the Fifth, Second, Fourth, Seventh, Eight, Ninth, Tenth Circuit Courts of Appeal and the Federal Circuit Court of Appeals: " Johnson did not explicitly discard the rule that a litigant whose conduct is clearly prohibited by a statue cannot successfully bring a facial vagueness challenge." [Ct. R. 36 at 4, Gov't Response].

---

[1] The United States Magistrate Judge entered an agreed discovery order on May 24, 2022 which ordered the Government to make available to defendant within thirty (30) days of the order evidence which the United States Attorney intends to offer in evidence during trial. The Government provided the defendant DEA drug lab report, key government evidence, on July 20, 2022.
[2] The order in Morales-Lopez was not entered until June 30, 2022, one day prior to the expiration of the dispositive motion deadline. Undersigned counsel has raised this issue at the first available opportunity.

<u>Morales-Lopez</u> notes that the current rule established by the Circuit Courts raise "a logical quandrary," and that "Johnson, properly applied resolves the quandary presented by … cases applying the old rule – it allows a defendant to bring a facial challenge without regard to the particular facts of his case." <u>Morales-Lopez</u> at *5.

WHEREFORE, the defendant respectfully requests that his motion be granted and that the Court dismiss the indictment filed against the defendant in this case.

Respectfully submitted this, the 22nd day of July, 2022.

           OMODARE B. JUPITER
           Federal Public Defender

By: <u>/S/John W. Weber III</u>
     John W. Weber III (MB# 101020)
     Assistant Federal Public Defender
     Southern District of Mississippi
     2510 14th Street, Suite 902
     Gulfport, MS   39501
     Phone: (228) 865-1202
     Fax:    (228) 867-1907
     Email: john_weber@fd.org
     *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, John W. Weber III, do hereby certify that I have this day electronically filed the foregoing Motion with the Clerk of the Court using the ECF system which sent notification of such filing to the Assistant United States Attorney Erica Rose.

This the <u>22nd</u> day of July, 2022.

           <u>/s/John W. Weber III</u>
           John W. Weber III
           Assistant Federal Public Defender