IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:22-cr-58-LG-RHWR

PATRICK DARNELL DANIELS, JR.

## PRELIMINARY ORDER OF FORFEITURE

Before this Court is an Unopposed Motion for Preliminary Order of Forfeiture [45], after a jury found Defendant **PATRICK DARNELL DANIELS, JR.** guilty beyond a reasonable measure of doubt to the single count in the Indictment [13]. Having reviewed the Government's motion, this Court finds that it is well-taken and should be GRANTED.

IT IS HEREBY ORDERED THAT:

1. As a result of the jury verdict to the Indictment [13], for which the United States of America sought forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), Defendant **PATRICK DARNELL DANIELS, JR.** shall forfeit to the United States all property involved in or traceable to property involved in the offense.

2. Based on the jury verdict, specifically that Defendant **PATRICK DARNELL DANIELS, JR.** knowingly was an unlawful user of a controlled substance in possession of a firearm affecting interstate and foreign commerce, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) and the allegations included in the United States' motion for preliminary order of forfeiture, the Court finds that (the "**Subject Property**")

| ASSET ID | PROPERTY DESCRIPTION |
|---|---|
| 22-DEA-692226-01 | One (1) American Tactical Rifle, Model Mil-Sport, CAL: 5.56, Serial No. MS012823 |
| 22-DEA-692226-02 | One (1) Magazine, CAL: 5.56 |

| | |
|---|---|
| 22-DEA-692226-03 | Twenty (20) Rounds of Ammunition, CAL: 5.56 |
| 22-DEA-692225-01 | One (1) Springfield Armory Pistol, Model Hellcat, CAL: 9mm, Serial No. BA488003 |
| 22-DEA-692225-02 | One (1) Magazine, CAL: 9mm |
| 22-DEA-692225-03 | Fourteen (14) Rounds of Ammunition, CAL: 9mm |

is subject to forfeiture under 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, that the defendant has an interest in such property, and that the United States has established the requisite nexus between such property and the offense to which the defendant was found guilty. Therefore, the Court finds that the **Subject Property** shall be forfeited to the United States.

3. The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture.

4. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States shall also, to the extent practicable, provide written notice to any person known to have an alleged interest in the **Subject Property**. Fed. R. Crim. P. Rule 32.2(b)(6).

5. Any person, other than the above-named defendant, asserting a legal interest in the **Subject Property** may, within 30 days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the **Subject Property**, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c), which incorporates 21 U.S.C. § 853(n).

6. Pursuant to Rule 32.2(b)(4)(A) and (B) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third-

party files a timely claim, this preliminary order of forfeiture shall become the final order of forfeiture, as provided by Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

7. Any petition filed by a third-party asserting an interest in the **Subject Property** shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the **Subject Property**, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the **Subject Property**, any additional facts supporting the petitioner's claim and the relief sought.

8. After the disposition of any motion filed under Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues. Fed. R. Crim. P. 32.2(c)(1)(B).

9. The United States shall have clear title to the **Subject Property** following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b), for the filing of third-party petitions.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDER AND ADJUDGED this 1ST day of ~~July~~ August 2022.

_____
UNITED STATES DISTRICT JUDGE

3