IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                              CAUSE NO. 1:22-cr-58-LG-BWR-1

PATRICK DARNELL DANIELS, JR.

MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

**BEFORE THE COURT** is an *ore tenus* Motion for Judgment of Acquittal made by Defendant, Patrick Darnell Daniels, Jr., at the trial of this matter. This Motion argues that the relevant criminal statute, 18 U.S.C. § 922(g)(3), is unconstitutionally vague under the Due Process clause. After due consideration of the parties' submissions, the record in this matter, and the applicable law, the Court finds that the Motion should be denied.

## BACKGROUND

On May 17, 2022, Defendant was indicted for knowingly possessing a firearm while an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). Defendant previously [24] moved to dismiss the indictment on the basis that this statute violated his Second Amendment right to bear arms. The Court [29] denied the Motion in a Memorandum Opinion and Order dated July 8, 2022. Thereafter, Defendant filed a [34] Second Motion to Dismiss the indictment, this time attacking the statute as facially vague under the Due Process Clause.

A jury trial was conducted in this matter on July 25-26, 2022.  At trial, the Court denied the Defendant's Motion to Dismiss [34] on the basis that relevant case law foreclosed facial vagueness challenges unless the Defendant could show that the statute was vague as applied to the particular conduct at issue.  However, the Court allowed Defendant to renew his arguments by Motion after the conclusion of the Government's case.  At the conclusion of the Government's case the Defendant renewed the vagueness challenge by a Motion for Judgment of Acquittal pursuant to Fed. R. Crim. P. 29.  The Court took the Motion under advisement and preserved the issue pending a jury determination of the facts.  The jury ultimately returned a verdict of guilty.

## DISCUSSION

### I.  Vagueness Framework

The Court begins with a discussion of the doctrine of vagueness in American constitutional law.  "The prohibition of vagueness in criminal statutes 'is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law,' and a statute that flouts it 'violates the first essential of due process.'"  *Johnson v. United States*, 576 U.S. 591, 595 (2015) (quoting *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926)).  "The due process clause requires that a penal statute define a criminal offense with sufficient definiteness that an ordinary person can understand what conduct is prohibited."  *United States v. Daniel*, 813 F.2d 661, 663 (5th Cir. 1987) (citing *Kolender v. Lawson*, 461 U.S. 352 (1983)).  "The purpose of the rule is to provide adequate notice to one of ordinary intelligence that

certain conduct is proscribed, and to avoid erratic and arbitrary enforcement." *Daniel*, 813 F.2d at 663 (citing *Colautti v. Franklin*, 439 U.S. 379 (1979)).

There are two species of vagueness challenges—facial challenges and as-applied challenges.  Ordinarily, if a statute does not implicate First Amendment rights, a "vagueness claim must be evaluated as the statute is applied to the facts of th[e] case." *Chapman v. United States*, 500 U.S. 453, 467 (1991) (citing *United States v. Powell*, 423 U.S. 87, 92 (1975)).  In other words, "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 554, 550 (1975).  "We consider whether a statute is vague as applied to the particular facts at issue, for 'a plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the conduct of others.'" *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18-19 (2010) (quoting *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982)).

The Court does not interpret the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), as a change to the above-cited rule.  Rather, the *Johnson* opinion merely "contradict[s] the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." *Id.* at 602.  However, as the Fifth Circuit has noted, "*Johnson* does not change the rule that a defendant whose conduct is clearly prohibited cannot be the one making that challenge." *United States v. Westbrooks*, 858 F.3d 317, 325 (5th Cir. 2017), *rev'd on other grounds*, 138 S.Ct. 1323 (2018).  Thus, while

3

*Johnson* may clarify the standard for such vagueness challenges, it does not call into question the above-cited rule.  For instance, in *United States v. Bramer*, the Eighth Circuit held that, under *Johnson*, "Bramer need not prove that § 922(g)(3) is vague in all its applications" to succeed on a facial challenge, but the law "still requires him to show that the statute is vague as applied to his particular conduct" before bringing that facial challenge.  832 F.3d 908, 909 (8th Cir. 2016).  Because "Bramer admitted in his written plea agreement to being an unlawful user of marijuana while in knowing possession of at least three firearms," there was "*no basis in the record* to conclude that the term 'unlawful user' of a controlled substance was unconstitutionally vague as applied to him."  *Id.* (emphasis added). In *United States v. Hasson*, the Fourth Circuit held after extensive analysis that "*Johnson* and *Dimaya*[1] 'did not alter the general rule that a defendant whose conduct is clearly prohibited by a statute cannot be the one to make a facial vagueness challenge.'"  26 F.4th 610, 620-21 (4th Cir. 2022) (quoting *United States v. Cook*, 970 F.3d 866, 877 (4th Cir. 2020)).  Therefore, because the defendant in that case did "not contest that Section 922(g)(3) clearly applies to his conduct, his attempt to assert a facial vagueness challenge fail[ed]."  *Id.* at 621.  Having established that Defendant must show vagueness as applied to his particular conduct before bringing a facial challenge to the statute, the Court will proceed to the as-applied analysis.

---

[1] *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018).

## II.     Application to Defendant's Conduct

The Indictment charged a violation of 18 U.S.C. § 922(g)(3).  Section 922(g)(3) provides that "[i]t shall be unlawful for any person . . . (3) who is an unlawful user of or addicted to any controlled substance . . . [to] possess in or affecting commerce, any firearm or ammunition."  18 U.S.C. § 922(g)(3).  At the conclusion of the trial the jury returned a verdict of guilty as to the single count in the Indictment.

In his Motion, Defendant questions the clarity of the term "unlawful user," as well as the omission of a "temporal nexus" requirement, in § 922(g)(3).  Such theories are not new, and have been rejected where a Defendant engaged in conduct clearly proscribed by the statute.  *See United States v. Edwards*, 182 F.3d 333, 336-36 (5th Cir. 1999) (rejecting the argument that "the statute does not clearly distinguish between a past unlawful user of a controlled substance and a current unlawful user of a controlled substance" where the defendant was clearly an unlawful user of a controlled substance due to the facts established at trial); *United States v. Patterson*, 431 F.3d 832, 836 (5th Cir. 2005) (rejecting the argument that "the statute is unconstitutional for vagueness because the term 'unlawful user' is undefined" for similar reasons).  However, while the statutory language may be arguably opaque with respect to some theoretical fact patterns not before the Court, it is not so with respect to evidence and testimony established during trial.

The evidence adduced at trial, including both testimonial and photographic evidence, established that Defendant was in possession of two loaded firearms at the same time that he was in possession of smoked marijuana blunts.  The arresting

officer testified that he detected the odor of marijuana.  Defendant later admitted to officers that he smoked marijuana approximately fourteen days a month in the years since his graduation from high school.  Thus, there is no vagueness here in the temporality required by the statute.  The facts of concurrence of the possession of both firearms and marijuana places Defendant's conduct clearly within that proscribed by the statute.  The Fifth Circuit, considering an almost identical challenge to § 922(g)(3) under similar facts, opined that, "[b]ecause an ordinary person would understand that May's use of marijuana while in possession of firearms established him as an 'unlawful user' in violation of § 922(g)(3), the statute is not unconstitutionally vague as applied to May."  *United States v. May*, 538 F. App'x 465 (5th Cir. 2013) (citing *United States v. Patterson*, 431 F.3d 832, 835–36 (5th Cir. 2005)).

In addition, Defendant's admission to police officers that he used marijuana regularly for fourteen days a month over several years further disambiguates the application of section 922(g)(3) to the Defendant's conduct at issue.  In *United States v. Edwards*, the Fifth Circuit found that the defendant was clearly an unlawful user of a controlled substance where evidence established that he had used it in the years prior to his arrest, including evidence of marijuana at his residence on "the night on which the police recovered the gun forming the basis of [his] conviction." *Edwards*, 182 F.3d at 336.  The defendant in *Edwards* also "admitted in a statement . . . that he used marijuana on a daily basis and had done so for the past two or three years." *Id.*  Hence, the Court found that "[a]n ordinary person would

understand that Edwards' actions establish him as 'an unlawful user of a controlled substance' while in possession of a firearm"; therefore, "[t]he application of § 922(g)(3) to the facts of the instant case is clearly constitutional."  *Id.* at 335-36.

Finally, the term "unlawful user" is not unconstitutionally vague here for nearly identical reasons.  In *United States v. Patterson*, the Fifth Circuit confronted this argument and rejected it for like reasons.  431 F.3d at 836.  "As the statute applies to Patterson, it is not vague; an ordinary person would understand that Patterson's actions establish him as an unlawful user.  He admitted that he regularly used marijuana and that he would have a difficult time complying with a release condition that required him not to use marijuana, and his urine specimen a week later tested positive for the drug.  Section 922(g)(3) is not unconstitutionally vague as applied to Patterson."  *Id.*

## CONCLUSION

The facts in support of the Defendant's conviction align with and are indistinguishable from those in *May*, *Edwards*, and *Patterson*.  The Court finds that 18 U.S.C. § 922(g)(3) is not vague in application to this Defendant's conduct.  As such, Defendant's attempt to bring a facial challenge to § 922(g)(3) is foreclosed.  *See Westbrooks*, 858 F.3d at 325 ("*Johnson* does not change the rule that a defendant whose conduct is clearly prohibited cannot be the one making that challenge.").

**IT IS THEREFORE ORDERED AND ADJUDGED** that the *ore tenus* Motion for Judgment of Acquittal made by Defendant, Patrick Darnell Daniels, Jr. is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 29th day of August, 2022.

_s/_ _Louis Guirola, Jr._

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE