1
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
2
SOUTHERN DIVISION

3

UNITED STATES OF AMERICA
4

VS.                           CRIMINAL NO.  1:22cr58-LG-BWR
5

6    PATRICK DARNELL DANIELS

7

8

9                               VOLUME III

10                          TRIAL PROCEEDINGS

11             BEFORE THE HONORABLE LOUIS GUIROLA, JR.
                  UNITED STATES DISTRICT JUDGE
12
                           JULY 26, 2022
13                      GULFPORT, MISSISSIPPI

14   APPEARANCES:

15   FOR THE GOVERNMENT:
       JONATHAN BUCKNER, ESQUIRE
16     ERICA ROSE, ESQUIRE
       U.S. ATTORNEY'S OFFICE - GULFPORT
17     1575 20TH AVENUE
       GULFPORT, MISSISSIPPI  39501
18

19
     FOR THE DEFENDANT:
20     JOHN WEBER, ESQUIRE
       LEILANI TYNES, ESQUIRE
21     FEDERAL PUBLIC DEFENDER - GULFPORT
       2510 14TH STREET, SUITE 902
22     GULFPORT, MISSISSIPPI  39501

23

24   REPORTED BY:  SHERRI L. PENNY, RPR, FCRR
                    2012 15TH STREET, SUITE 403
25                  GULFPORT, MISSISSIPPI  39501
                    (228)563-1781

1                     **TABLE OF CONTENTS**

2                         **VOLUME III**

3   Jury Instructions Given   ...............................178

4   Closing Argument by Ms. Rose   .........................189

5   Closing Argument by Mr. Weber   ........................196

6   Closing Argument by Mr. Buckner   ......................197

7   Verdict   ..............................................201

8   Reporter's Certificate ................................208

9                          -  -  -

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          **THE COURT:**  Good morning to everyone.  Is the

2     government ready to proceed this morning?

3          **MS. ROSE:**  Good morning, Your Honor.  Yes, we are.

4          **THE COURT:**  Is the defendant ready to proceed?

5          **MR. WEBER:**  Yes, Your Honor.

6          **THE COURT:**  Very well.  Let the record reflect that

7     the Court has conducted an in-chambers charge conference at

8     which time there were some adjustments made to the Court's

9     proposed instructions.  We'll now take up any objections that

10    either side may have to the Court's proposed instructions to

11    the jury.  Mr. Buckner, Ms. Rose, on behalf of the government,

12    have you had an opportunity to review the Court's proposed

13    instructions?

14         **MR. BUCKNER:**  Yes, Your Honor.

15         **THE COURT:**  And the form of the verdict?

16         **MR. BUCKNER:**  Yes, Your Honor.

17         **THE COURT:**  Does the government have any objections

18    to the proposed jury instructions and form of the verdict?

19         **MR. BUCKNER:**  No, Your Honor.

20         **THE COURT:**  Mr. Weber and Ms. Tynes, have you also

21    had an opportunity review the Court's proposed instructions as

22    well as the form of the verdict?

23         **MR. WEBER:**  Yes, Your Honor.

24         **THE COURT:**  And did you have an opportunity to go

25    over them with Mr. Daniels?

1              **MR. WEBER:**  Yes, Your Honor.

2              **THE COURT:**  Does Mr. Daniels have any objections to

3    the Court's proposed instructions?

4              **MR. WEBER:**  Yes, Your Honor.  Specifically on Page 8,

5    the Court defines the phrase "unlawful user of a controlled

6    substance."  We submitted to the Court a proposed definition of

7    that particular phrase.  We provided the Court with two

8    alternatives, one was a definition from the Fifth Circuit case

9    of *United States versus Patterson*.  And then the second -- the

10   alternative definition is from the case of *Morales-Lopez*,

11   that's the District of Utah case that was decided on June 30th

12   of 2022.

13             **THE COURT:**  Would you like to submit your proposed

14   instruction that the Court has reviewed as an exhibit to this

15   hearing?

16             **MR. WEBER:**  Yes, Your Honor.

17             **THE COURT:**  Any objection?

18             **MR. BUCKNER:**  No objection to the submission, Your

19   Honor.  If the Court wants to hear argument from the

20   government, we can provide some for the record, but --

21             **THE COURT:**  No, I've heard a lot of argument, but I

22   am going to stick with the definition that's used in the Eighth

23   Circuit that's taken from the Code of Federal Regulations.  It

24   seems to me that not only be a more comprehensive definition of

25   a user, but it has also been tested in that circuit, as well as

1   in many other circuits and approved.  But Mr. Weber, your

2   record is made.  Your request for that instruction that you

3   have submitted, that is denied.  I believe my instruction

4   covers it.

5          **MR. WEBER:**  Yes, Your Honor.  And at this time I

6   would also renew any Rule 29 motion for the record, and renew

7   both motions to dismiss that were filed on behalf of Mr.

8   Daniels.

9          **THE COURT:**  Very well.  As I have told you before,

10   the question of whether or not the statute is

11   unconstitutionally vague, I have taken that -- I have preserved

12   that matter pending the jury resolution of the case one way or

13   the other.  The other motion is denied.

14      With the form of the verdict, does the defendant have any

15   objections to the form of the verdict?

16          **MR. WEBER:**  No, Your Honor.

17          **THE COURT:**  All right.  I have discussed closing

18   arguments with both sides.  The Court feels, under the

19   circumstances, 20 minutes is sufficient for closing arguments.

20   The government has elected to take 15 minutes on the first side

21   and 5 minutes at the end.  And Mr. Weber, I think you will take

22   all 20 minutes in between.

23      Let the record also reflect that the Court intends to

24   instruct the jury first, that is to provide the jury with the

25   Court's instructions prior to closing arguments.  And I also

1    intend to provide each member of the jury with a copy of the

2    Court's instructions that they may take back to the jury room

3    with them.  Any objection to that procedure on behalf of the

4    government?

5           **MS. ROSE:**  No objection, Your Honor.

6           **THE COURT:**  Any objection to that procedure on behalf

7    of the defendant?

8           **MR. WEBER:**  No, Your Honor.

9           **THE COURT:**  In addition to that, I will also be

10   sending back a redacted copy of the charge, that is the

11   indictment, for the jury to follow along the actual charge.

12   Any objection to that procedure on behalf of government?

13          **MS. ROSE:**  No, Your Honor.

14          **THE COURT:**  Any objection by the defendant?

15          **MR. WEBER:**  No, Your Honor.

16          **THE COURT:**  Very well.  I think that covers it for

17   me.  Anything else that we need to take up at this time on

18   behalf of the government?

19          **MS. ROSE:**  No, thank you, Your Honor.

20          **THE COURT:**  Anything on behalf of the defendant?

21          **MR. WEBER:**  No, Your Honor.

22          **THE COURT:**  Very well.  I appreciate all your help.

23   And counsel, we will be in recess until the jury has assembled.

24   I have asked them to assemble at 10:30, so that will give us at

25   least a 25-minute opportunity to prepare.  We'll be in recess

1  to await the jury's return.

2       **(RECESS TAKEN AT 10:03 A.M. UNTIL 10:33 A.M.)**

3       **THE COURT:**  I am advised that the jury is all here

4  and they are prepared to proceed.  Is the government ready?

5            **MS. ROSE:**  Yes, Your Honor.

6            **THE COURT:**  Is the defendant ready?

7            **MR. WEBER:**  Yes, Your Honor.

8            **THE COURT:**  Please bring in the jury.

9       **(JURY IN AT 10:35 A.M.)**

10           **THE COURT:**  Good morning, ladies and gentlemen.  And

11  I hope that you are well.  The parties have indicated to the

12  Court that they are ready to proceed.  The Court has prepared

13  the instructions on the law.  This, of course, is the law that

14  you must follow in returning a verdict in this case.  I have

15  taken the liberty of making a copy of these instructions for

16  each of you so you can follow along with me as I read them, and

17  you will be permitted to take the instructions on the law back

18  to the jury room with you during deliberations.

19       Stanley, would you give each member of the jury a copy of

20  the instructions?

21       **(JURY INSTRUCTIONS GIVEN)**

22       Members of the jury, in any jury trial there are, in

23  effect, two judges.  I am one of the judges; the other is the

24  jury.  It is my duty to preside over the trial and to decide

25  what evidence is proper for your consideration.  It is also my

duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case. For example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case. And finally, I will explain to you the procedures you should follow in your deliberations.

You, as juror, are the judges of the facts, but in determining what actually happened, that is in reaching your decision as to the facts, it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be.

It is your duty to apply the law as I explain it to you regardless of the consequences. It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the

1   law to be innocent.  The defendant begins with a clean slate.

2   The law does not require a defendant to prove his innocence or

3   to produce any evidence at all, and no inference whatever may

4   be drawn from the election of a defendant not to testify.

5        The government has the burden of proving the defendant

6   guilty beyond a reasonable doubt, and if it fails to do so you

7   must acquit the defendant.  While the government's burden of

8   proof is a strict or heavy burden, it is not necessary that the

9   defendant's guilt be proved beyond all possible doubt.  It is

10  only required that the government's proof exclude any

11  reasonable doubt concerning the defendant's guilt.

12       A reasonable doubt is a doubt based upon reason and common

13  sense after careful and impartial consideration of all the

14  evidence in the case.  Proof beyond a reasonable doubt,

15  therefore, is proof of such a convincing character that you

16  would be willing to rely and act upon it without hesitation in

17  making the most important decisions of your own affairs.

18       As I told you earlier, it is your duty to determine the

19  facts.  To do so, you must consider only the evidence presented

20  during the trial.  Evidence is the sworn testimony of the

21  witnesses, including stipulations and exhibits.  The questions,

22  statements, objections and arguments made by the lawyers are

23  not evidence.

24       The function of the lawyers is to point out those things

25  that are most significant or most helpful to their side of the

1    case, and in so doing to call your attention to certain facts

2    or inferences that might otherwise escape your notice.  In the

3    final analysis, however, it is your own recollection and

4    interpretation of the evidence that controls in the case.  What

5    the lawyers say is not binding upon you.

6         Do not assume from anything I may have done or said during

7    the trial that I have an opinion concerning any of the issues

8    in this case.  Except for the instructions to you on the law,

9    you should disregard anything I may have said during the trial

10   in arriving at your own verdict.

11        In considering the evidence, you are permitted to draw

12   such reasonable inferences from the testimony and exhibits as

13   you feel are justified in the light of common experience.  In

14   other words, you may make deductions and reach conclusions that

15   reason and common sense lead you to draw from the facts which

16   have been established by the evidence.

17        "Direct evidence" is the testimony of one who asserts

18   actual knowledge of a fact, such as an eyewitness.

19   "Circumstantial evidence" is proof of a chain of events and

20   circumstances indicating that something is or is not a fact.

21        Do not be concerned about whether evidence is "direct

22   evidence" or "circumstantial evidence."  You should consider

23   and weigh all of the evidence that was presented to you.

24        The law makes no distinction between the weight to be

25   given either direct or circumstantial evidence.  But the law

1    requires that you, after weighing all of the evidence, whether

2    direct or circumstantial, be convinced of the guilt of the

3    defendant beyond a reasonable doubt before you can find him

4    guilty.

5         I remind you that it is your job to decide whether the

6    government has approved the guilt of the defendant beyond a

7    reasonable doubt.  In doing so, you must consider all of the

8    evidence.  That doesn't mean, however, that you accept all of

9    the evidence as true or accurate.

10        You are the sole judges of the credibility or

11   believability of each witness and the weight to be given to the

12   witnesses's testimony.  An important part of your job will be

13   making judgments about the testimony of the witnesses who

14   testified in the case.  You should decide whether you believe

15   all, some part, or none of what each person had to say and how

16   important that testimony was.  In making that decision, I

17   suggest that you ask yourselves a few questions:  Did the

18   witness impress you as honest?  Did the witness have any

19   particular reason not to tell the truth?  Did the witness have

20   a personal interest in the outcome of the case?  Did the

21   witness have any relationship with either the government or the

22   defense?  Did the witness seem to have a good memory?  Did the

23   witness clearly see or hear the things about which he or she

24   testified?  Did the witness have the opportunity and the

25   ability to understand the questions clearly and answer them

1    directly?  Did the witness's testimony differ from the

2    testimony of other witnesses?  These are a few of the

3    considerations that will help you determine the accuracy of

4    what each witness said.

5         Your job is to think about the testimony of each witness

6    you have heard and decide how much you believe of what each

7    witness had to say.  In making up your mind and reaching a

8    verdict, do not make any decisions simply because there were

9    more witnesses on one side than on the other.  Do not reach a

10   conclusion on a particular point just because there were more

11   witnesses testifying for one side on that point.  You will

12   always bear in mind that the law never imposes upon a defendant

13   in a criminal case the burden or duty of calling any witnesses

14   or producing any evidence.

15        A defendant in a criminal trial has a constitutional right

16   not to be compelled to testify.  Further, you must neither

17   discuss this matter nor permit it to enter into your

18   deliberations in any way.

19        Certain exhibits have been identified as typewritten

20   transcripts of the oral conversations which can be heard on the

21   tape recordings also received into evidence.  The transcripts

22   also purport to identify the speakers engaged in such

23   conversations.

24        I have admitted the transcripts for the limited and

25   secondary purpose of aiding you in following the content of the

1    conversations as you listen to the tape recordings, and also to

2    aid you in identifying speakers.

3         You are specifically instructed that whether the

4    transcripts correctly or incorrectly reflect the content of the

5    conversations or the identity of the speakers is entirely for

6    you to determine based upon your own evaluation of the

7    testimony you have heard concerning the preparation of the

8    transcripts and from your own examination of the transcripts in

9    relation to your hearing of the tape recordings themselves as

10   the primary evidence of their own contents.  And if you should

11   determine that the transcripts are in any respect incorrect, or

12   unreliable, you should disregard them to that extent.  It is

13   what you hear on the tapes that is evidence, not the

14   transcripts.

15        You are here to decide whether the government has proved

16   beyond a reasonable doubt that the defendant is guilty of the

17   crime charged.  The defendant is not on trial for any act,

18   conduct, or other offense not alleged in the indictment.

19        If the defendant is found guilty, it will be my duty to

20   decide what the punishment will be.  You should not be

21   concerned with punishment in any way.  It should not enter your

22   consideration or discussion.

23        You will note that the indictment charges that the

24   offenses were committed on or about a specified date.  The

25   government does not have to prove that the crime was committed

1   on that exact date, so long as the government proves beyond a

2   reasonable doubt that the defendant committed the crime on a

3   date reasonably near the date stated on the indictment.

4        Title 18 of the United States Code, Section 922, makes it

5   a crime for anyone to possess a firearm under certain

6   conditions.  In this case, the defendant is charged with

7   knowingly possessing a firearm which was in and affecting

8   interstate or foreign commerce while knowingly being an

9   unlawful user of a controlled substance.

10       For you to find the defendant guilty of this crime, you

11   must be convinced that the government has proved each of the

12   following beyond a reasonable doubt:

13       First, that the defendant knowingly possessed a firearm;

14       Second, that at the time the defendant possessed the

15   firearm, the defendant was an unlawful user of a controlled

16   substance;

17       Third, the defendant knew he was an unlawful user of a

18   controlled substance;

19       And fourth, that the firearm possessed traveled in

20   interstate or foreign commerce; that is before the defendant

21   possessed the firearm, the firearm had traveled at some time

22   from one state to another or between any part of the United

23   States and any other country.

24       The term "firearm" means any weapon that will or is

25   designed to or may readily be converted to expel a projectile

1   by the action of an explosive.

2        Marijuana is a controlled substance within the meaning of

3   the law.  The term "marijuana" means all parts of the plant,

4   cannabis sativa L, whether growing or not; the seeds thereof;

5   the resin extracted from any part of such plant; and every

6   compound, manufacture, salt, derivative, mixture, or

7   preparation of such plant, its seeds or resin.

8        The phrase "unlawful user of a controlled substance" means

9   a person who uses a controlled substance in a manner other than

10   as prescribed by a licensed physician.  The defendant must have

11   been actively engaged in use of a controlled substance during

12   the time he possessed the firearm, but the law does not require

13   that he used the controlled substance at the precise time he

14   possessed the firearm.  Such use is not limited to the use of

15   drugs on a particular day, or within a matter of days or weeks

16   before, but rather that the unlawful use has occurred recently

17   enough to indicate that the individual is actively engaged in

18   such conduct.

19        An inference that a person was a user of a controlled

20   substance may be drawn from the evidence of a pattern of use or

21   possession of controlled substance that reasonably covers the

22   time the firearm was possessed.

23        "Possession," as that term is used in these instructions,

24   may be one of two kinds:  Actual possession or constructive

25   possession.

1        A person who knowingly has direct physical control over a

2   thing at a given time is in actual possession of it.

3        A person who, although not in actual possession, knowingly

4   has both the power and the intention, at a given time, to

5   exercise dominion or control over a thing, either directly or

6   through another person, or persons, is in constructive

7   possession of it.

8        Possession may be sole or joint.  If one person alone has

9   actual or constructive possession of a thing, possession is

10  sole.  If two or more persons share actual or constructive

11  possession of a thing, possession is joint.

12       You may find that the element of possession is present if

13  you find beyond a reasonable doubt that the defendant had

14  actual or constructive possession, either alone or jointly with

15  others.

16       The word "knowingly" as that term has been used from time

17  to time in these instructions, means the act was done

18  voluntarily and intentionally, not because of mistake or

19  accident.

20       To reach a verdict, whether it is guilty or not guilty,

21  all of you must agree.  Your verdict must be unanimous on each

22  count of the indictment.

23       It is your duty to consult with one another and to

24  deliberate in an effort to reach agreement if you can do so.

25  Each of you must decide the case for yourself, but only after

1    an impartial consideration of the evidence with your fellow

2    jurors.  Do not let bias, sympathy or prejudice that you may

3    feel toward one side or the other influence your decision in

4    any way.  During your deliberations, do not hesitate to

5    reexamine your own opinions and change your mind if convinced

6    that you were wrong.  But do not give up your honest beliefs as

7    to the weight or effect of the evidence solely because of the

8    opinion of your fellow jurors or for the mere purpose of

9    returning a verdict.

10           During your deliberations, you must not communicate with

11   or provide any information to anyone by any means about this

12   case.  You may not use any electronic device or media, such as

13   a telephone, cell phone, smart phone, iPhone or computer, the

14   Internet, any Internet service or any text or instant messaging

15   service, or any Internet chatroom, blog, or website, such as

16   Facebook, LinkedIn, YouTube or Twitter, to communicate to

17   anyone any information about this case or to conduct research

18   about this case until I accept your verdict.

19           Remember at all times, you are judges, judges of the

20   facts.  Your duty is to decide whether the government has

21   proved the defendant guilty beyond a reasonable doubt.

22           When you go to the jury room, the first thing that you

23   should do is to select one of your number as a foreperson who

24   will help to guide your deliberations and will speak for you

25   here in the courtroom.

1      A verdict form has been prepared for your convenience.

2  The foreperson will write the unanimous answer of the jury in

3  the space provided for each count of the indictment, either

4  guilty or not guilty.  At the conclusion of your deliberations

5  the foreperson should date and sign the verdict.

6      Ladies and gentlemen, what that refers to, again, is a

7  verdict form that has been prepared in advance for your use

8  during deliberations, and you will have that in the jury room.

9      If you need to communicate with me during your

10  deliberations, the foreperson should write the message and give

11  it to the Court Security Officer.  I will either reply in

12  writing or bring you back into court to answer your message.

13      Bear in mind that you are never to reveal to any person,

14  not even to the Court, how the jury stands numerically or

15  otherwise on any count of the indictment until after you have

16  reached a unanimous verdict.

17      Ladies and gentlemen, both sides have been given 20

18  minutes within which to make their closing arguments.  The

19  government bears the burden of proof, and therefore they are

20  permitted to go first and permitted to go last, and the

21  defendant will make closing arguments in between.  You may make

22  your closing arguments on behalf of the government.

23          **MS. ROSE:**  Thank you, Your Honor.

24              **CLOSING ARGUMENT BY THE GOVERNMENT**

25          **MS. ROSE:**  Your Honor, defense counsel, ladies and

1    gentlemen of the jury, nothing is missing.  Nothing is missing.

2    This is a direct case.  The government has proved each element

3    beyond a reasonable doubt.  I am going to go through each

4    element with you right now.  In the case of the United States

5    versus Patrick Daniels, Jr., first we had to prove this

6    happened on April 25th, 2022, that's not an issue.  You heard

7    multiple folks testify to that.

8        It happened in Hancock County, which is in the Southern

9    Division of the Southern District of Mississippi.  No disputes

10   there.

11       Patrick Darnell Daniels, Jr. was the person who committed

12   the offense.  You heard Officer Bell identify him in court, and

13   you heard his statement in court, and then you see a photo of

14   his ID.  That's also not at issue here.

15       That he knowingly possessed a firearm.  In fact, in this

16   case, he knowingly possessed two firearms.  You heard testimony

17   from Officer Bell that he approached the vehicle, smelled

18   marijuana and then did a search, and that search revealed two

19   firearms.  The first firearm was found in the driver's seat,

20   between the driver's seat and the compartment there, which was

21   the Hellcat, the small gun, the firearm.

22       Then you also heard him testify that the second firearm

23   was found in the backseat, that's the assault rifle, the big

24   gun.  You heard the defendant's statement, you heard him talk

25   about knowingly having those firearms.  You heard him talk

1      about how he possessed them, how he got one of them as a

2      Father's Day gift from his girlfriend and how he got the other

3      gun from a friend who had passed away a New Year's Eve.

4           There were some questions asked of Officer Bell about the

5      eTrace system and about who possessed this gun, who owned this

6      gun.  You just heard the law, ladies and gentlemen.  There's

7      nothing about ownership.  That doesn't matter.  What matters

8      here is possession.  And in this case, it's very clear that the

9      defendant possessed these guns.  He was the only person in the

10     truck, he admitted that they were his firearms.  Possession

11     here a clear.  You knew he had them.

12          At the time of the charged act, the defendant was an

13     unlawful user of a controlled substance.  You heard in opening,

14     defense counsel got up here and he said something is missing,

15     something is missing, and what's going to be missing is that he

16     is an unlawful user.  And I submit to you that that is wrong.

17     That's not missing here.  There's plenty of evidence that show

18     you he was an unlawful user of a controlled substance.  You

19     heard the Court instruct you that the controlled substance is

20     marijuana in this case.  And you heard testimony that the

21     substance here was tested at the DEA Crime Lab, it was

22     confirmed to be marijuana.  You heard the defendant's

23     testimony, yes, I smoke marijuana.  I have smoked since I was

24     in high school.  I smoke at least 14 days out of the month.

25     You heard Officer Bell talk about when he pulled this car over

1   for the tag violation, he walked up to the vehicle and he

2   smelled marijuana, which is why he searched it in the first

3   place.  And when he searched the vehicle, what did he find in

4   the car?  The marijuana blunts, those same blunts that were

5   sent to the DEA Crime Lab and tested and confirmed to be

6   marijuana, a controlled substance.

7          A user of a controlled substance, an unlawful user, is a

8   person who uses a controlled substance in a manner other than

9   as prescribed by a licensed physician.

10         You heard the judge just instruct you on that, it's in

11  your instructions.  There's no prescription here, he wasn't on

12  a prescription for marijuana.  This isn't your regular everyday

13  medicinal drug.  This is a controlled substance.  He was an

14  unlawful user of a controlled substance and he knew he was an

15  unlawful user of a controlled substance.  He talked about it in

16  his interview, he talked about it when he was meeting with

17  Officer Bell on the side of the road when he got pulled over

18  that day.  Yes, I use marijuana.  Yes, those blunts in the car

19  are from my use, I have been using since I was in high school.

20  Ladies and gentlemen, that meets the definition here.  Nothing

21  is missing.

22         The possessed firearm traveled in interstate or foreign

23  commerce.  Our second witness that testified yesterday, that

24  was Shane Lynes, who is an expert witness from the ATF.  And he

25  talked to you about how both of those firearms were examined by

1   him and that at sometime they traveled between one state or

2   another, or they traveled from a foreign country.  The

3   Springfield Armory Hellcat 9 mm pistol, you heard him talk

4   about that one was made in Croatia and then imported to

5   Springfield, Illinois, and then at some point ended up here in

6   Mississippi.  So that's how that firearm traveled in interstate

7   commerce.

8        The second firearm, he discussed how that one had -- it

9   says on the side of the gun that it was made in Summerville,

10  South Carolina; however, it was actually manufactured in BCI

11  Defense in Indiana.  He talked to you about how the different

12  pieces go as far as manufacturing, but then who has the rights

13  to the firearm, etcetera.  It's all pretty simple.  Neither of

14  these firearms were manufactured or came from Mississippi, so

15  that's how we meet that element.

16       Ladies and gentlemen, in conclusion, on April 25th of

17  2022, in Hancock County, in the Southern Division of the

18  Southern District of Mississippi, Patrick Darnell Daniels, Jr.

19  knowingly possessed a firearm, in this case two firearms.  And

20  at the time of this act he was an unlawful user of a controlled

21  substance and he knew he was an unlawful user of a controlled

22  substance and that those firearms traveled in interstate or

23  foreign commerce.

24       This is a direct case, it's an easy case.  Just because

25  the trial was short, just because there were only three

1     witnesses, just because there's only 29 exhibits, just because

2     this wasn't a giant ongoing investigation doesn't mean

3     something is missing.  Nothing is missing.  The government has

4     proved this case beyond a reasonable doubt as to each and every

5     element.  And we would ask you to come back with the only

6     verdict that is consistent with the evidence, the facts and the

7     law in this case, and that is guilty.  Thank you.

8              **THE COURT:**  Thank you, Ms. Rose.

9         Mr. Weber, you may make your closing argument on behalf of

10    Mr. Daniels.

11                   **CLOSING ARGUMENT BY THE DEFENSE**

12             **MR. WEBER:**  May I retrieve a few exhibits, Your

13    Honor?

14             **THE COURT:**  You may.

15             **MR. WEBER:**  Ladies and gentlemen, this is not an easy

16    case.  What you are asked to do is not easy.  I disagree with

17    the government's characterization of what you are tasked to do,

18    and that is to determine whether or not the government has

19    proven their case against Patrick Daniels beyond a reasonable

20    doubt each and every element of the offense.

21        I told you in opening argument that something is missing,

22    and something is missing.  What is missing is that evidence,

23    that proof beyond a reasonable doubt that will allow you to

24    conclude that the government did, in fact, prove their case.

25        Let's talk about, first, let's talk about the jury

1    instructions.  Proof beyond a reasonable doubt, what is that

2    standard?  That is evidence, facts, testimony, evidence that

3    will allow you to make a conclusion, so much so that you would

4    not hesitate to act in the most important of your affairs,

5    where you decide to send your children to school, where you

6    decide to live, who you decide to marry, what type of job.

7    Those are very important decisions that you would not hesitate

8    to act.  And in this case, the evidence is not there and it

9    causes some hesitation.  Something is missing.

10        Let's talk first about looking at the witnesses, three

11   witnesses that all testified.  An officer -- Officer Bell

12   testified that he didn't realize that he was pulling over

13   Patrick Daniels.  But ladies and gentlemen, look at the unique

14   characteristics of this vehicle that he pulled over allegedly

15   six weeks prior.  You can't tell me that Officer Bell didn't

16   know who he was pulling over.  I don't know why he wasn't

17   truthful with you about that, but something is missing.

18        And if he pulled him over on March 9th with guns and bags

19   of marijuana, where is that evidence?  Where is the report?

20   Something is missing.

21        He was not smoking marijuana at the time of the stop.

22   There's no evidence that he ever used the AR-15.  There's no

23   evidence that he ever used the 9-millimeter.  There's no drug

24   test.  There's no evidence that there's marijuana in Patrick

25   Daniels' system at the time of the stop.  There's no evidence

1   of when he last used marijuana.  And I think this is key.

2   Because the government has to prove active use of marijuana.

3   And what does that term mean?  If he stopped two days before

4   this stop, is that active use?  If he stopped using marijuana

5   two weeks prior to the stop, is that active use?  If he stopped

6   a month, 30 days, 60 days, 6 weeks, is he actively using

7   marijuana at the time of the stop?

8       It's reasonable, ladies and gentlemen, to conclude that at

9   the time of the stop Patrick Daniels was not an active user of

10  marijuana.  The government can't rule out that Patrick Daniels,

11  sometime prior to the stop, stopped using marijuana.

12      Now, there's a statement, there's an audio recording that

13  -- well, first off, at the time of the stop, Officer Bell

14  alleges that Patrick Daniels made these statements about using

15  marijuana 14 or 16 days out of the month, but we don't have a

16  recording of that.  And you will see Government Exhibit G-24,

17  which is the audio recording, and G-24A, which is the

18  transcript that Officer Bell says -- and I will read it to you

19  if I can find it.  You told me out on the scene that you were

20  using marijuana 14 days out of the month; is that correct?  But

21  then he goes on to explain that he was living in his truck and

22  he stopped smoking in his house when I stayed there, and lately

23  since I been sleeping in my vehicle, I haven't really had money

24  to purchase any.  That, ladies and gentlemen, leads you to

25  conclude that he had stopped using marijuana and he was not an

1    active user of marijuana.  And the government is going to

2    probably hold this up to you when they rebut my closing and

3    say, well, this is proof of active use.  You couldn't even role

4    a skinny joint with this.

5         The judge told us at the beginning of this trial that we

6    don't settle disputes on the dualing ground, and we don't take

7    away a citizen -- we don't take away Patrick Daniels' liberty

8    based on guessing and speculating.  Patrick Daniels is not

9    guilty.

10             **THE COURT:**  Thank you, Mr. Weber.

11        Mr. Buckner, you may finally close on behalf of the

12   government.

13             **MR. BUCKNER:**  Thank you, Your Honor.

14                **CLOSING ARGUMENT BY THE GOVERNMENT**

15             **MR. BUCKNER:**  Good morning, ladies and gentlemen of

16   the jury.  May it please the Court.

17        Let's talk first about the standard of proof.  The

18   standard of proof is a heavy burden as the Court indicated.

19   It's beyond a reasonable doubt, right, but then jury

20   instructions make it clear that's not all doubt.  That's not.

21   We don't have to prove Mr. Daniels' guilt beyond all doubt;

22   it's beyond a reasonable doubt.  And you have seen the

23   evidence, you have heard the testimony, you have heard

24   arguments.  And basically, this case hinges upon whether the

25   government has proven that Mr. Daniels was an unlawful user of

1  a controlled substance when he possessed the firearms.  That's

2  what the case hinges on.  The other elements, they're there.

3  He clearly possessed the guns.  The guns clearly traveled in

4  interstate and foreign commerce.  So let's talk a little bit

5  about that unlawful user element.

6      If you look at the instructions, the judge says -- he

7  defines "unlawful user of a controlled substance," but there's

8  a second part to that, and that's this, that an inference that

9  a person was a user of a controlled substance may be drawn from

10 evidence of a pattern of use or possession of a controlled

11 substance that reasonably covers the time the firearm was

12 possessed.  That's an inference you're permitted to make.  The

13 law allows you to make that inference, okay?

14     So let's talk about what the evidence actually showed in

15 this case.  Before we get to the specific pieces of evidence,

16 though, I want to talk about the two types of evidence.  The

17 judge instructed you on direct evidence and circumstantial

18 evidence.  In this case, we have both.

19     Direct evidence that Mr. Daniels was an unlawful user is

20 his confession that he was.  He admitted it.  He said, I smoke

21 marijuana 14 times a month.  And you know what else is

22 interesting, the defense takes issue with the prior

23 conversation between Task Force Officer Bell and Mr. Daniels

24 not being recorded.  Well, not only in making that admission

25 does Mr. Daniels admit that he used marijuana 14 times a month,

1    but he admits that he had the prior conversation with Officer

2    Bell.  You get that?  They're both there.  But that's direct

3    evidence.  He says I did it, okay, I smoked marijuana 14 times

4    a month.

5         Now, the other type of evidence is circumstantial

6    evidence.  An example of circumstantial evidence would be --

7    first, direct evidence.  Direct evidence that it had rained.  I

8    saw it raining.  That's direct evidence.  Circumstantial

9    evidence that it rained is that I hear thunder, I walk outside

10   and the ground is wet.  Circumstantial evidence says it rained,

11   right?  In this case, we have got circumstantial evidence, as

12   well, that Mr. Daniels was an unlawful user.  What's the

13   circumstantial evidence?  Well, Officer Bell approaches the

14   vehicle and what does he smell?  Smoked marijuana.  He smells

15   it as he approaches.  He searches the vehicle and what does he

16   find?  Defense counsel is right, I'm going to hold it up:

17   Smoked marijuana.  The reason there's not enough to roll a

18   blunt in here is because he smoked it all; it's used.  That's

19   circumstantial evidence that he was an unlawful user of a

20   controlled substance that's corroborated by his confession.

21        Now, the defendant keeps saying that there's something

22   missing, there's something missing.  Ladies and gentlemen, you

23   have heard the evidence, both direct and circumstantial.  At

24   this point, the only thing missing is your verdict.  Review the

25   evidence, look at the instructions, and return the verdict that

1    the evidence requires, and that is guilty.  Thank you.

2              **THE COURT:**  Thank you, Mr. Buckner.

3         Very well, then.  Ladies and gentlemen of the jury, you

4    will now be asked to recess into the jury room to deliberate

5    upon your verdict.  You will be provided all of the exhibits

6    that you may wish to review.  You may take a copy of the

7    Court's instructions on the law with you as well.  A verdict

8    form will be provided for you, and a copy of the indictment

9    will be provided for you as well.

10        For the remainder of the day, we will wait here until you

11   have actually reached your verdict.  You may be excused.

12        **(JURY OUT AT 11:11 A.M. )**

13             **THE COURT:**  I did not mention this to the jury, but I

14   do not intend to send the actual firearms back into the jury

15   room, there's plenty of photographs of the firearms, unless

16   they ask for it, I hope that they don't.  But is there anything

17   else that we need to take up on behalf of the government?

18             **MR. BUCKNER:**  Your Honor, I just want to flag an

19   issue for you.  Depending on the result, there is a criminal

20   forfeiture that was included in the indictment.  And the

21   defendant is entitled, if he so desires, to have the jury

22   determine the issue of forfeiture.  And if he wants that, it

23   needs to be done before this jury is dismissed.  So I have

24   discussed that with opposing counsel.  Just wanted to flag that

25   for the Court before we get there, if we get there.

1          **THE COURT:**  Very good.  Anything else, then, on

2    behalf of the defendant before we recess for the jury verdict?

3          **MR. WEBER:**  No, Your Honor.

4          **THE COURT:**  Very well.  All right.  Be in recess to

5    await the verdict from the jury.

6       **(RECESS TAKEN AT 11:22 A.M. UNTIL 12:06 A.M.)**

7          **THE COURT:**  I am advised that the jury has reached a

8    verdict.  Is the government ready to proceed?

9          **MS. ROSE:**  Yes, Your Honor.

10         **THE COURT:**  Is the defendant ready to proceed, Mr.

11   Weber?

12         **MR. WEBER:**  Yes, Your Honor.

13         **THE COURT:**  Very well.  Please bring in the jury.

14      **(JURY IN AT 12:08 P.M.)**

15      **(JURY VERDICT RETURNED AT 12:08 P.M.)**

16         **THE COURT:**  Mr. Lafollette, I am given to understand

17   that you are the presiding juror in this case; is that correct?

18         **JURY FOREPERSON:**  Yes, sir.

19         **THE COURT:**  I am also advised that the jury has

20   reached a verdict; is that also correct?

21         **JURY FOREPERSON:**  Yes, sir.

22         **THE COURT:**  Is it a unanimous verdict?

23         **JURY FOREPERSON:**  Yes, sir.

24         **THE COURT:**  Would you please provide the verdict to

25   the Court Security Officer?

1     The verdict is in the appropriate form.  I am going to ask

2  that the Clerk of the Court publish the verdict.  Ladies and

3  gentlemen of the jury, that simply means she's going to read

4  it.  As she reads the verdict, be sure that you listen

5  carefully to be sure that that is, in fact, your verdict.

6     Mr. Weber, would the defendant please rise.

7     Madam Clerk, you may publish the verdict of the jury.

8     **DEPUTY CLERK:**  The United States District Court for

9  the Southern District of Mississippi, Southern Division.

10 United States of America versus Patrick Darnell Daniels, Jr.,

11 cause number 1:22cr58, Special Verdict Form, Count 1:  We the

12 jury unanimously find the defendant, Patrick Darnell Daniels,

13 Jr., guilty beyond a reasonable doubt of knowingly possessing a

14 firearm, which was in and affecting interstate or foreign

15 commerce, while knowingly being an unlawful user of a

16 controlled substance as alleged in Count 1.

17     Signed by the foreperson on July 26, 2022.

18     **THE COURT:**  Thank you.  You may be seated.  Anything

19 else on behalf of the government?

20     **MS. ROSE:**  No.  Thank you, Your Honor.

21     **THE COURT:**  Anything else on behalf of the defendant

22 use.

23     **MR. WEBER:**  Yes, Your Honor.  I'd like to pole the

24 jury, please.

25     **THE COURT:**  Very well.  Ladies and gentlemen, the

1    defendant has the right to ask that the jury be polled.  What

2    that means is I am going to ask each of you in turn if that is,

3    in fact, your verdict, that's the question.  When I read your

4    name, if that is your verdict, say yes.  If it is not your

5    verdict, say no.

6         Cassandra Lawless?

7              JUROR:  Yes.

8              THE COURT:  Michael Witt?

9              JUROR:  Yes.

10             THE COURT:  Tammy Lastinger?

11             JUROR:  Yes.

12             THE COURT:  Braden Hawkins?

13             JUROR:  Yes.

14             THE COURT:  Mickie Key?

15             JUROR:  Yes.

16             THE COURT:  Michelle McBride?

17             JUROR:  Yes.

18             THE COURT:  Darnell Hebert?

19             JUROR:  Yes.

20             THE COURT:  Glynis Williams?

21             JUROR:  Yes.

22             THE COURT:  KayeLynn Holman?

23             JUROR:  Yes.

24             THE COURT:  Thomas Lafollette?

25             JUROR:  Yes.

1              **THE COURT:**  Virginia Huntly?

2              **JUROR:**  Yes.

3              **THE COURT:**  And Thomas LeMaster?

4              **JUROR:**  Yes.

5              **THE COURT:**  Thank you.  Mr. Weber, by my count all 12

6    have agreed it is, in fact, a unanimous verdict.  Anything else

7    on behalf of the defendant?

8              **MR. WEBER:**  No, Your Honor.

9              **THE COURT:**  Very well.

10        Ladies and gentlemen of the jury, of course you have

11   concluded your work in this case, and you are also advised that

12   you do not have to call your number anymore.  You have

13   completed not only your duty here, but you also have the

14   benefit of that two-year exemption.

15        Now, in an effort to memorialize that, we have prepared

16   some certificates of your attendance here today, as well as

17   some other materials that you may need to provide to your

18   employers.  I am going to ask that you wait a few minutes back

19   in the jury room, I think it's going to be longer than a few

20   minutes, but a few minutes back in the courtroom before the

21   Clerk of the Court bring all of those materials to you.

22        In addition to that, I am advised that your lunches have

23   arrived.  And even though you have completed your work, I would

24   encourage you to go ahead and sit back in the jury room, if you

25   wish, and enjoy that the lunches that the Court has provided.

1    We could not have anticipated that you would've returned a

2    verdict prior to their arrival, but be that as it may, they're

3    your lunches and you're welcome to either eat them here or take

4    them with you if you wish to do so.

5          In the meantime, let me, on behalf of the Court, on behalf

6    of the litigants, and on behalf of the lawyers in this case,

7    thank you, sincerely thank you for your duty, that is the duty

8    that you have undertaken to try this case and to reach a

9    verdict based on law and evidence.

10         If there's nothing else, thank you, ladies and gentlemen,

11   you may go back to the jury room.

12         **(JURY OUT AT 12:13 P.M.)**

13         **THE COURT:**  I want to take up then, if we can, for

14   purposes of the record the question of forfeiture.  I am given

15   to understand, Mr. Weber, that Mr. Daniels does not intend to

16   contest forfeiture of the weapons, the magazines and the

17   ammunition?

18         **MR. WEBER:**  That's correct, Your Honor.

19         **THE COURT:**  Anything else on behalf of the

20   government?

21         **MS. ROSE:**  No.  Thank you, Your Honor.

22         **THE COURT:**  Pursuant to Rule 32.2 of the Federal

23   Rules of Criminal Procedure, the Court first finds that the

24   indictment did contain notice to the defendant that the

25   government would seek to forfeit the weapon, the magazines and

1   the ammunition in this case under the appropriate statute.

2         It's also the finding of the Court, pursuant to that same

3   rule, that based on the finding of the jury, the defendant was

4   in possession of these firearms and was an unlawful user of a

5   controlled substance, that the Court determines that the

6   government has established the requisite nexus between the

7   property and the offense.

8         I'll ask that the government prepare a preliminary order

9   of forfeiture, which I will enter, and will enter final

10   judgment at the time of sentencing.

11         Sentencing in this matter is scheduled for October 18th,

12   2022, at 1:30 p.m. here in Gulfport.  That will be Mr. Daniels'

13   next scheduled court appearance.  Again, that is October 18th,

14   2022, at 1:30 p.m.

15         Is there anything else we need to take up on behalf of the

16   government?

17              **MS. ROSE:**  No.  Thank you, Your Honor.

18              **THE COURT:**  Mr. Weber, anything else we need to take

19   up on behalf of Mr. Daniels?

20              **MR. WEBER:**  No, Your Honor.

21              **THE COURT:**  Mr. Daniels is remanded back to the

22   custody of the U.S. Marshals.  I'll ask that they return him

23   here on the 18th of October at 1:30 p.m. at which time we will

24   take up a sentencing hearing.  And I'll look forward to getting

25   the preliminary order of forfeiture.  If there's nothing else,

1    then we're adjourned.

2                              (TRIAL CONCLUDED)

3                                   -  -  -

1

2                    CERTIFICATE OF COURT REPORTER

3

4        I, Sherri L. Penny, RPR, FCRR, Official Court Reporter

5   for the United States District Court for the Southern District

6   of Mississippi, appointed pursuant to the provisions of Title

7   28, United States Code, Section 753, do hereby certify that the

8   foregoing is a correct transcript of the proceedings reported

9   by me using the stenotype reporting method in conjunction with

10  computer-aided transcription, and that same is a true and

11  correct transcript to the best of my ability and understanding.

12       I further certify that the transcript fees and format

13  comply with those prescribed by the Court and the Judicial

14  Conference of the United States.

15

16

17

                     *S/ Sherri L. Penny*
18                   OFFICIAL COURT REPORTER

19

20

21

22

23

24

25